NORRIS *vs.* POLLARD *et al.*    MORGAN *vs.* POLLARD.

[Jackson, C. J., not presiding because of indisposition.]

1. Where a suit was brought jointly against two defendants, based on promissory notes which were joint and several on their face, and one of the defendants filed pleas under oath, and the other (as alleged in a bill subsequently filed, and admitted by demurrer) in fact was only a surety for the first, and was so known to be by the plaintiff, and labored under a misapprehension, supposing the pleas to have been filed on behalf of both, and the presiding judge rendered a judgment by default against the latter defendant before judgment was obtained against the principal, it is at least doubtful whether such judgment was not void, under the constitution. Certainly the surety is liable for no greater amount than is found to be due from the principal; and the course pursued tended to his injury.

2. The judgment was, at least, highly irregular. There is no law authorizing separate judgments to be rendered by different tribunals against different defendants, and at different terms, where they are joined in the same action.

(*a.*) Although the judgment may be void for any cause, such as fraud, accident or mistake, this would not oust chancery of its jurisdiction to set it aside, provided it was not occasioned by the negligence or fault of the complainant. It is so alleged in this case, and admitted by demurrer.

(*b.*) The surety was at least entitled to have the execution of the judgment restrained until the termination of the suit against his principal, his liability being collateral to and commensurate with that of such principal.

3. The fact that a judge *pro hac vice* rendered the judgment sought to be enjoined did not render him competent or authorize him to act in matters arising subsequently to that trial. His power terminated with the end of the trial in which he was authorized to preside. Where an injunction is required, and the judge of the circuit is disqualified from acting, the application for it must be made to some other judge of the superior court, who is qualified, and jurisdiction, in that event, is conferred upon him to act.

4. Where an action was brought in the name of Printup, Brother & Pollard, for the use of William J. Pollard, based upon four promissory notes, two of which were payable to the order of Printup, Brother & Pollard, and the others to William J. Pollard, and it did not appear that the first two notes had been indorsed or assigned by the firm to Pollard, or that the last two had been assigned by Pollard to the firm, such a declaration was demurrable because of a misjoinder of causes of action, and the want of proper parties as to two of the notes sued on.

5. Such a declaration could not be amended by striking from it the words "Printup, Brother & Pollard, for the use," and adding to the copy notes appended thereto, payable to the order of the firm, their blank endorsement of the same. Such an amendment would make new parties and a new cause of action.

(a.) Directions are given that the judgment awarded against the surety be set aside; that the bill sued out at his instance to enjoin the judgment be then dismissed at the cost of the defendants other than the sheriff; that the verdict found against the other defendant be set aside; and that a new trial be granted to both defendants.

January 26, 1886.

Practice in Superior Court. Judgments. Constitutional Law. Principal and Surety. Injunction. Parties. Actions. Amendment. Practice in Supreme Court. Before J. GANAHL, Esq., Judge *pro hac vice.* Richmond Superior Court. April Term, 1885. Before M. P. CARROLL, Esq., Judge *pro hac vice.* Columbia County. At Chambers. August 26, 1885.

Reported in the decision.

SALEM DUTCHER, for plaintiffs in error.

TUTT & LOCKHART, for defendants.

HALL, Justice.

Both of these writs of error are founded upon different judgments, rendered separately, against Morgan and Norris, who were joint defendants in the same suit. Defences were set up to the suit in Morgan's name alone, who was the principal in the four notes sued on, and Norris, although not so appearing on the paper, was, in fact, only the surety of Morgan, which was well known to Pollard, the real plaintiff in the cause. Norris was misled as to his being defended, and was under the impression that the pleas filed were in the joint names of himself and Morgan, his principal in the paper. There being no defence as

to him, and the notes sued on being unconditional contracts, in writing, the court, on motion of plaintiff's counsel awarded judgment against him without the intervention of a jury.

The case was then tried as against his co-defendant, upon the issues found on his several pleas, and a verdict returned on each of them in favor of the plaintiffs. Morgan moved to set the verdict aside, and prayed for a new trial, on the grounds set forth in his motion. The hearing of the motion was postponed to a future time, and pending it, the rendering of judgment upon the verdict was superseded. While this proceeding was suspended, the plaintiff caused an execution to issue upon the judgment against Norris, which was levied on his property. Norris filed his bill on the equity side of the court against Pollard and others, the plaintiffs, and against the sheriff levying the *fi. fa.* issuing from the judgment obtained against the complainant, alleging the foregoing facts and others, and praying that an injunction issue restraining the respondents from enforcing the judgment obtained against him until a final judgment was had by respondent, Pollard, against Morgan, and for other relief. The injunction was ordered, as prayed, by the Honorable R. W. Carswell, Judge of the superior courts of the Middle Circuit, the Honorable Henry C. Roney, Judge of the Augusta Circuit, where the bill was brought, being disqualified to act in the matter. It appeared from the allegations in the bill that the judgment sought to be enjoined thereby had been rendered by M. P. Carroll, Esq., as judge *pro hac vice.* When the bill was called for a hearing before Joseph Ganahl, Esq., who had been selected to preside in the place of the judge of the circuit, the defendants insisted upon a demurrer, filed thereto, upon the following among other grounds, viz.: That Judge Carswell had no jurisdiction to order the injunction; that M. P. Carroll, Esq., the judge *pro hac vice* who awarded the judgment, was alone competent and authorized to enjoin its execution; that there was no equity

OCTOBER TERM, 1885. 361

Norris vs. Pollard e⁴ al. Morgan vs. Pollard.

in the bill; that complainant had an adequate remedy at law by motion to set aside the judgment; that he was in *laches* by allowing the judgment to go against him without objection; that the judgment was conclusive; that the notes on which the judgment was founded were several as well as joint, and, although the action against him and the other was joint, this was no bar to awarding a separate judgment against him by the court, etc. This demurrer was sustained, and the bill was dismissed. To this decree the complainant excepted, and this writ of error was sued out to set aside and reverse it.

1. It is at least doubtful if the judgment awarded by the court against one of the joint defendants, while the suit was pending and undetermined upon the pleas filed by his co-defendant, for whom he was only surety, was not void. Under the constitution, Code, §5145, the court can render judgment, without the verdict of a jury, only in civil cases founded on unconditional contracts in writing, where an issuable defence is not filed under oath or affirmation. There was an issuable defence made in this case, as prescribed by the constitution. The plaintiff chose to treat the contract as joint, and there was nothing in the case authorizing or justifying the severance of the defendants; both of them had been served; they were both in life, and both within the jurisdiction of the court. There was no defence set up here that would not have been as available to the complainant, as to his co-defendant in the common law suit, considering the relation they bore to each other and to the plaintiffs in that suit, that of principal and surety. That the respondent owed a duty to this complainant as the surety of his principal debtor, and that he was bound to act toward him in the utmost good faith, will not be questioned, and it is equally clear that the surety is liable for no greater amount than is found to be due from the principal; his liability cannot be extended beyond that of his principal. This follows from the very nature of the contract. Code, §2149 and citations. The course pursued

here was, to say the least, injurious to the surety. *Ib.*, §2154. Although it did not appear from the contract that the complainant bore that relation to it, yet according to the allegations in the bill, the respondent knew that to be a fact, and irrespective of the form of the engagement, that is all that is material to the creation of the relation and to charge the creditor with all the duties and obligations arising therefrom. *Ib.*, §2151. Admitting, as does the demurrer, the facts set forth in the bill, to say the least, the course pursued was an undue advantage taken of the complainant, and to which, it must be apparent, he would not have subjected himself, unless he had been laboring under some gross misapprehension, or unless he had been misled by some mistake. These are issues of fact which should have been passed upon by the jury on the trial of the cause.

2. It is manifest that the judgment in question was, to say the least of it, highly irregular. We know of no law authorizing separate judgments rendered by different tribunals, against different defendants and at different times, where they are joined in the same action. On the contrary, the rule is well settled that the verdict must cover the issues made by the pleadings. Code, §3559. But although the judgment be void for any cause, such as fraud, accident or mistake, this would not oust chancery of its jurisdiction to set it aside, provided that it was not occasioned by the negligence or fault of the complainant. Code, §3595. The allegation here demurred to charged that complainant was not negligent or at fault, but was honestly misled as to filing of his defence, and it does not seem to us that it was essential that he should have detailed in his pleadings all the facts that led him into this error. The character of his defence was unmistakable, and must have been known to the respondent, whether it was so known to his attorney or not.

We think there was error in sustaining this demurrer and ordering the bill to be dismissed. The complainant

OCTOBER TERM, 1885. 363

Norris vs. Pollard et al    Morgan vs. Pollard.

was at least entitled to have the execution of the judgment restrained until the termination of the suit against his principal, in order to ascertain by that final judgment the extent to which he was liable, as his undertaking was only collateral to, and his liability commensurate with, that of the other defendant in the common-law suit. If, for any cause, he failed to set up this defence, and judgment went against him, he was not precluded by that judgment, under our Code, §2149, from showing this fact and protecting himself, at least to this extent.

3. The fact that a judge *pro hac vice* rendered the judgment sought to be enjoined, did not render him competent or authorize him to act in matters arising subsequent to that trial. His power terminated with the end of the trial in which he was selected to preside. Code, §§5147, 250. Where an injunction is required and the judge of the circuit is disqualified to act, the application for it must be made to some other judge of the superior courts who is qualified, and jurisdiction in that event is conferred upon him to act. Code, §247, sub-section 2, 248. The decree in this case, No. 19, is therefore set aside, and the judgment excepted to must for these reasons be reversed.

4, 5. We are next to consider the case as tried on the issues made by the defendant, Morgan. The action was at the instance of Printup, Bro. & Pollard for the use of William J. Pollard, and was founded upon four promissory notes, two of which were payable to the order of plaintiffs and the other two to William J. Pollard. The declaration showed no assignment of the last two notes to the plaintiffs, and in fact there was none; nor did the copy of the first two attached to the declaration show any assignment thereof, by endorsement or otherwise, by the plaintiffs to Pollard.

To this declaration the defendant, Morgan, demurred, because there was a misjoinder of causes of action and a want of parties as to two of the notes sued on. The grounds of the demurrer were obvious, and would at least

have put the plaintiff to his election as to the cause and party on which he would proceed. *The Governor, for the use, etc., vs. Hicks et al.*, 12 *Ga.*, 189. Recognizing the position in which the demurrer placed him, the plaintiff sought to obviate the difficulty it raised by amending his declaration by striking therefrom the names of " Printup, Brother & Pollard for the use," and by adding to the copy notes appended thereto, payable to the order of that firm, their blank indorsement of the same. Objection was made to these amendments, because there was nothing left to amend by, and because they introduced both a new party and a new cause of action. This objection was overruled, and these questions, with others, were made grounds of the motion for a new trial which was refused. In the view we take, these points only need be considered.

This is certainly an anomalous, if not an unprecedented, proceeding; it is so unlike anything that we have seen or read of, or which has been brought to our notice by counsel learned in the law, that we have labored under much embarrassment as to the proper disposition to make of it. We are satisfied that the demurrer in the first instance was well taken; that there was a misjoinder of causes of action, as the suit originally stood, and as to two of the notes, those payable to the order of Pollard, showed no right whatever in the original plaintiffs to maintain the suit. Had the suit been brought in the name of Pollard for the use of Printup, Bro. & Pollard, it would have rested on a solid foundation as to these notes, but as to the other two notes payable to the order of that firm, Pollard could not have maintained on them a suit for their use, unless it had been both alleged and shown that they had been indorsed to him for that purpose. Had they been indorsed to him before the commencement of the action, then the suit would have been properly brought in his own name. This, however, is not the point contested; the precise question is, whether he could so amend his declaration at the trial as to make it conform to this

OCTOBER TERM, 1885.    365

Norris vs. Pollard et al.  Morgan vs. Pollard.

state of facts; and after much reflection, we have come to the conclusion that the amendment was not allowable. We think that it made new parties and an entirely new cause of action. It is quite another action than that which was originally instituted and which was pending when the trial came. So radical a change cannot be wrought by amendments to the pleadings. The provision of our Code §3480, is explicit upon this subject: " No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed, unless expressly provided for by law." We know of no provision of law, express or implied, that can cure by amendment the mass of defects which this record exhibits. We have seen that the demurrer to this suit should have been sustained, and in view of the separate judgment previously awarded against Norris, by severing him from his co-defendant, and the peculiar defence set up by Morgan, especially the plea of payment, which he insisted applied to the notes payable to the order of Pollard, and which was appropriated contrary to his instructions, partly to these notes and partly to the others, payable to the firm of which he was a member, and in view of the further fact this Norris claimed to be only surety upon Morgan's paper, which relation he alleges was well known to Pollard, this amendment should not have been allowed. Its tendency was to complicate the rights and embarrass the defences set up by these parties.

The new trial should have been ordered, for these reasons, if for no others. And giving to this case such direction as should have been taken in the superior court, we order that the judgment awarded therein against Norris be set aside, and when set aside that the bill sued out at his instance enjoining said judgment be dismissed at the cost of the defendants other than the sheriff; that the verdict found against Morgan be likewise set aside, and a new trial be granted in the case both as to Morgan and Norris, leaving the case as it stood at the commence-

ment of the trial, with liberty to the parties to take such course as to the prosecution or defence of the suit as they shall be advised is conformable to law.

Judgment reversed.