STATE MUTUAL LIFE INSURANCE COMPANY *v.* WALTON *et al.*

(Evans, P. J., and Lumpkin, J., being disqualified, Judge Freeman, of the Coweta circuit, and Judge Pendleton, of the Atlanta circuit, were designated in their stead.)

FREEMAN, J. Three persons, alleging themselves to be policyholders and creditors under contracts issued by a mutual life insurance company organized under the laws of this State, instituted an equitable action, for themselves and all others similarly situated, against the company to en-

join it from further transaction of business, appoint a receiver, and marshal the assets of the company. When the petition was presented to the judge an order was passed ex parte appointing a temporary receiver, and a rule issued directing the defendant to show cause at a certain time and place why the prayers of the petition should not be granted. The ground for equitable relief was alleged insolvency of the company and improper administration of its affairs. On the interlocutory hearing the defendant moved that the judge recuse himself on the ground of his relationship to three separate persons alleged to be interested in the result of the suit. It appeared that Mrs. Best, one of the persons referred to, was related to the judge by affinity within the degree prohibited by law, and that the interest which she had was that resulting from the fact that she was the beneficiary named in a policy issued by the company on the life of her husband, which was of force at the date of the application for a receiver and at the time of the trial. *Held:*

1. The interest of the beneficiary above named was a present pecuniary interest within the contemplation of section 4642 of the Civil Code of 1910, and was so involved in the present litigation as to render the judge disqualified from presiding. It was erroneous to hold to the contrary.

2. The judge being disqualified upon this ground, it is unnecessary to deal with the subject of disqualification by reason of his alleged relationship to other persons, and no ruling is made with respect to his disqualification based on his relation to them.

3. The judge being disqualified, all that was done upon the interlocutory hearing of the case was entirely nugatory, and it is unnecessary to pass upon the questions raised upon the rulings and adjudications made pending the hearing.

4. The effect of the ruling made in the first headnote is to remand the case and vacate the order granted at the interlocutory hearing.

*Judgment reversed. Fish, C. J., absent. Atkinson and Hill, JJ., concur. Beck and Pendleton, JJ., dissent.*

PENDLETON, J. I do not think that Mrs. Best had any such interest in the subject-matter of this suit as to disqualify Judge Fite from presiding; and I am authorized by Justice Beck to state that he concurs in this dissent.

NOVEMBER 20, 1914.

Injunction and receivership. Before Judge Fite. Floyd superior court. June 30, 1914.

*Maddox & Doyal, Spencer R. Atkinson,* and *J. M. Neel,* for plaintiff in error.

*Eubanks & Mebane, Roscoe Luke, Little, Powell, Hooper & Goldstein, Pottle & Hofmayer, Marion Smith,* and *F. W. Copeland,* contra.