DOUGHERTY v. FOUCHE.

ATKINSON, J.　In December, 1913, a tenant in common brought an equitable suit for partition of described realty.　One person alleged to be interested in the land was a minor "about 14 years" of age, who was a non-resident.　Prior to the filing of the suit the judge appointed a guardian ad litem for the minor, who accepted the appointment and made a formal acknowledgment of service.　He represented tue interest of the minor in the action until he resigned on account of the minor's interest being in conflict with other interests which such guardian represented; whereupon during the term the judge appointed another person as guardian ad litem for the minor, who accepted the appointment, and represented the interest of the minor throughout the litigation and until the decree in the case was rendered.　By the decree the property was ordered sold, thereby disposing of the minor's interest, and a sale of the entire property was had in accordance with the decree.　In 1918 the minor by next friend instituted an equitable action against the plaintiffs in the former action and the purchaser at the sale, alleging, among other things, all that is stated above and in addition thereto the following in substance:　Petitioner is now, and was at the time of the partition proceedings, a resident of the State of Texas, and was never served in said cause personally or otherwise, nor was she "even notified" of

the proceeding, on which account the orders of the court appointing a guardian ad litem for her were void. She did not appear in said cause or waive service, nor did any other person authorized under the law to represent her so acknowledge service or appear, and consequently she was never made a party to the cause so that her interest might be bound by the decree rendered therein. Among the prayers was one that the court adjudge that the former decree directing the sale of the minor's interest, and the order confirming the sale, be of no force or effect, and that the purchaser acquired no right, title, or interest in the property of the minor. *Held:*

1. Under a proper construction, the suit instituted by the minor was not a technical action for review of a former decree; but the petition, considered in the light of its allegations and the prayers referred to above, was an action to declare the decree void, and to set aside the sale thereunder in so far as it affected the interest of the minor.

2. Inasmuch as no extraordinary relief was prayed, the petition did not require the sanction of the judge prior to its filing, under the Civil Code, § 5545.

3. The Civil Code, § 5565, provides: "The mode of service of writs, petitions, citations, and other legal proceedings in the courts of this State on minors shall be as follows: If the minor is under the age of fourteen years, service is to be perfected by delivering a copy of said proceeding, of whatever kind or nature it may be, to said minor personally; and in cases where there is a statutory or testamentary guardian or trustee representing the interest of the minor to be affected by a legal proceeding, service as usual on said guardian or trustee shall be sufficient to bind said minor's interest in their control to be affected by said proceedings. If the minor is over fourteen years of age, service may be made by delivering to him personally such copy. When the returns of such service are made to the proper court, and order taken to appoint said minor a guardian ad litem, and such guardian ad litem agrees to serve, all of which must be shown in the proceedings of the court, then said minor shall be considered a party to said proceedings." It has been held by this court that since the passage of the act of 1876, embodied in the section just quoted, before a minor whose interest is involved in a proceeding in the courts of this State can be considered as a party thereto, personal service as required by the code section must be perfected, and a guardian ad litem thereafter appointed. *Miller* v. *Luckey*, 132 *Ga.* 581 (64 S. E. 658), and cases cited; *Taliaferro* v. *Calhoun*, 137 *Ga.* 417 (73 S. E. 675). The rule has been applied in statutory proceedings to partition land. *Douglas* v. *Johnson*, 130 *Ga.* 472 (60 S. E. 1041).

4. Applying the principles announced in the preceding notes, the petition alleged such facts as show that the minor was not legally made a party to the partition proceedings and that the decree of partition was void as to her. The petition set forth a cause of action, and the court erred in dismissing it on general demurrer.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 1439. DECEMBER 11, 1919.

39

Equitable petition. Before Judge Wright. Floyd superior court. April 16, 1919.

*L. H. Covington* and *L. A. Dean,* for plaintiff.

*M. B. Eubanks,* for defendant.