## WYNNE v. FISHER; et vice versa.

1. While the deed of an insane person, who has not been adjudged insane, is not absolutely void, but only voidable, and the right to disaffirm such deed is personal to the insane grantor and can be exercised only by him if restored to sanity, or, if his insanity continues until his death, then by his legal representative or his heirs, such insane person, having no legal guardian, may sue in a court of equity by another as his next friend to cancel his deed made when he was mentally incapable of executing the same.

2. In cases of fraud, equity will not cancel a conveyance under which anything has been received, until repayment is made; and generally a petition for cancellation must allege a tender of, or offer to restore by the plaintiff to his vendee, anything received under such instrument; but where the petition alleges that the defendant had been in possession, receiving the rents and profits of the premises conveyed, and prays for an accounting therefor by the defendant, and that the correct amount due him be declared and set up, no formal tender of the actual amount which may be due the defendant is necessary.

3. The allegations of the petition as to the mental incapacity of the plaintiff to execute the deed sought to be canceled are sufficient to

withstand a general demurrer; and the petition in other respects setting forth a cause of action, the court below erred in dismissing the same upon demurrer.

4. Where a petition prays for a permanent injunction against the defendant, but does not pray for a temporary injunction or other interlocutory relief prior to the final trial, the same can be filed in the office of the clerk of the superior court without first obtaining the sanction of the judge.

Nos. 3752, 3753. OCTOBER 12, 1923.

Equitable petition. Before Judge Graham. Bleckley superior court. March 31, 1923.

Nancy M. Wynne, by her next friend, W. M. Wynne, filed her petition for an accounting, cancellation, and injunction; and made this case: On May 12, 1919, W. M. Wynne purchased for $12,500 from Lola V. Green, Emma A. Hall, and Mrs. Jimmie P. Abney certain described real estate in the City of Cochran, and took their deed thereto to himself, which was duly recorded. On Dec. 9, 1919, W. M. Wynne borrowed from J. A. Fisher $5400, evidenced by his note of even date, due Dec. 9, 1920, and to secure said loan executed to Fisher a security deed, retaining possession of said property. On Dec. 15, 1919, W. M. Wynne, in consideration of natural love and affection for Nancy M. Wynne, who was his wife, conveyed to her by warranty deed said property, and she took possession thereof. On Nov. 29, 1921, Nancy M. Wynne, for a consideration of $5900, gave to said Fisher a warranty deed to said property, which was duly recorded. A copy thereof was attached to her petition. Nancy M. Wynne remained in possession of said property until about Jan. 1, 1922, when she left the same. When she gave said deed to Fisher, she was not mentally or otherwise capacitated to do so, her mind and memory being unsound. Fisher knew that for many years she had not had mental capacity to contract, and he, by reason of the great disparity mentally between them, exercised an undue influence over her and caused his wishes, desires, and will to be substituted in the place of hers. Said consideration of $5900 mentioned in said deed was fictitious and fraudulent, and she did not receive but $500 thereof, Fisher having a security deed for $5400 on said property which had never been surrendered to said Nancy M. Wynne or canceled. Said consideration was grossly inadequate, said property having at the time a value of about $12,500, which Fisher well knew. Fisher went

into possession on Jan. 1, 1922, and has so remained, although not entitled to possession, said property then and ever since having a rental value of $125 per month, which will increase. Fisher has received said rentals and appropriated them to his own use. The deed from Nancy M. Wynne to Fisher is a cloud upon her title. She prayed that said deed be set aside and canceled; that possession and title to said property be decreed in her, subject to the right and just lien of said Fisher thereon; that Fisher come to an accounting with her for the rentals and income received by him, and that they be credited upon his said lien; that the correct amount of his lien be declared and set up; and that he be permanently enjoined from encumbering, selling, alienating, or otherwise disposing of said property. The defendant demurred generally to the petition, on the ground that it did not state a case entitling plaintiff to the relief prayed. He demurred specially on the grounds that the petition did not allege or disclose that W. M. Wynne had any authority to act for Nancy M. Wynne as next friend in bringing this suit, because it does not appear that she has no guardian, and no reason is disclosed why she does not prosecute it in her own name; and that paragraph 7 of the petition was too vague and indefinite, no specific acts of undue influence being alleged.

By an amendment the plaintiff alleged that said action was brought by Nancy M. Wynne by W..M. Wynne, her next friend, because she was aged, infirm, feeble in mind and body, and unable to act for herself prudently and properly, because she has not been adjudged insane by any competent court, because no guardian has been appointed over her person or property, because to have the same done would be an unnecessary embarrassment, as she is not violent, and because her said next friend is her adult son, is the only member of her family living in the same house with her, and he protects her and manages her property. The petitioner amended paragraph 7 by striking the words, " exercised an undue. influence over her and caused his wishes, desires, and will to be substituted in the place of hers," and adding in their place the words, " he being of sound and vigorous mind and body, and she being of unsound and feeble mind and body, at the time, all of which was known to him; he permitted her to execute said deed

to him and engage in said transaction all of which were void, unlawful, and of no lawful effect." The defendant demurred to the petition as amended, the first ground being the same as in the original demurrer. He demurred further on the ground that the petition is too vague, indefinite, and general. He demurred specially on the grounds: (1) that no sufficient reason is disclosed why said Nancy M. Wynne does not prosecute said suit in her own name; and (2) that the same sets forth a cause of action based upon a contract which is voidable only at the option of the said Nancy M. Wynne, and said W. M. Wynne has no authority in law or otherwise to act for her in bringing said suit. The court sustained the demurrer and dismissed said petition, and error is assigned upon this ruling in the main bill of exceptions. The defendant filed a motion to dismiss the petition, on the ground that it prayed for extraordinary equitable relief, and was filed without the sanction of the judge of the superior court. The court overruled this motion, and error is assigned upon this ruling in the cross-bill of exceptions.

*Julian F. Urquhart* and *R. Douglas Feagin,* for plaintiff.

*Bleckley & McWhorter,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. It is unquestionably true that the deed of an insane person, who has never been adjudged to be insane or of unsound mind, is not absolutely void, but only voidable, and that the right to disaffirm the deed of an insane grantor is personal, and can be exercised only by himself, if restored to sanity, or, if his infirmity continues till his death, then by his legal representative or his heirs; but neither the grantee nor strangers can avoid it. *Bunn v. Postell,* 107 *Ga.* 490 (33 S. E. 707); *McClure Realty &c. Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204). These decisions hold, that the right to disaffirm such an instrument is one which the grantor only, or, in case of his death, his legal representative or heirs, can assert and enforce. They do not decide that the insane grantor can not enforce this right by next friend. Whatever may be the rule elsewhere, it is now well established in this State, that a person of unsound mind, having no legal guardian, may sue in a court of equity by another as his next friend, to cancel his deed made when he was mentally incapable of executing such instrument. Such action is that of the insane grantor acting through

his next friend.   Civil Code .(1910), § 5416; *Reese* v. *Reese,* 89 *Ga.* 645 (15 S. E. 846) ; *Dent* v. *Merriam,* 113 *Ga.* 83 (38 S. E. 334) ; *LaGrange Mills* v. *Kener,* 121 *Ga.* 429, 434 (49 S. E. 300). In *Dent* v. *Merriam,* the precise point involved in this litigation was decided adversely to the defendant.   The law declares such an instrument voidable; and where, from his infirmity, the insane grantor on his own motion can not disaffirm and have the instrument set aside and canceled, this can be done by his next friend in a court of equity, whose doors are always open to protect such unfortunate persons and to enforce their rights.   So the petition in this case was not demurrable because it was brought by the plaintiff by a next friend.

2.   It is insisted and stressed, that the petition is demurrable because it does not allege that the plaintiff tendered to the defendant the money which he paid her on the purchase-money of the property conveyed to her by this deed which she seeks to cancel. It is sound doctrine, that he who seeks equity must do equity. Civil Code (1910), § 4521.   It is also true that in cases of fraud, equity will not cancel a conveyance under which anything has been received, until repayment is made.   *Miller* v. *Cotten,* 5 *Ga.* 341 (6) ; *Petty* v. *B. & W. R. Co.,* 109 *Ga.* 666 (5) (35 S. E. 82) ; *Bridges* v. *Barbree,* 127 *Ga.* 679 (4) (56 S. E. 1025) ; *Walker* v. *Walker,* 139 *Ga.* 547 (7c) (77 S. E. 795) ; *Garner* v. *Butler,* 144 *Ga.* 441 (87 S. E. 471).   Under these authorities the petition for cancellation must allege a tender of, or offer to restore by the plaintiff to his adversary, anything received under such instrument. Conceding, but not deciding, that this principle is applicable to a case brought by an insane maker of a deed to have the same canceled on the ground that she was mentally incapable of executing the same, should the petition in this case have been dismissed on demurrer for lack of such allegation? The petition alleges that the defendant has been in possession, receiving the rents and profits of the premises.   Plaintiff prays for an accounting by the defendant therefor; and that the correct amount of his lien on the premises be declared and set up.   In view of these facts, no formal tender of the actual amount which may be due the defendant was necessary; and the petition should not have been dismissed on demurrer on this ground.   *Mayer* v. *Waterman,* 150 *Ga.* 613 (104 S. E. 497).

3. The allegations of the petition as to the mental incapacity of the plaintiff are sufficient to withstand a general demurrer. Plaintiff alleges that, when she executed her deed to the defendant, " she was not mentally capacitated to do so, her mind and memory being unsound." The allegation in the amendment to her petition, that " she was aged, infirm, feeble in mind and body, and unable to act for herself prudently and properly," did not have the effect of changing and weakening the first allegation of her mental incapacity, the same being in effect repeated in this amendment. In this and other respects the petition set forth a cause of action; and the court below erred in dismissing the same upon demurrer.

4. The defendant made a motion in writing to dismiss the petition, on the ground that the same prayed that the defendant be permanently enjoined and restrained from disposing of the property in controversy, and was filed in the office of the clerk of the superior court without the sanction of the judge. The court overruled this motion, and error is assigned thereon in the cross-bill of exceptions. The plaintiff did not pray for a temporary injunction or other interlocutory relief. This being so, the court below properly overruled the motion to dismiss the petition on this ground. Civil Code (1910), § 5545; *Atlanta Real Estate Co.* v. *Atlanta National Bank,* 75 *Ga.* 40 (4).

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*