EDWARDS *v.* GABRELS.

No. 6918. MAY 21, 1929. REHEARING DENIED JULY 19, 1929.

*John E. Frankum* and *J. C. & H. E. Edwards,* for plaintiff in error.

*A. C. Wheeler,* contra.

BECK, P. J. Mrs. Clio Gabrels brought her equitable petition against Mrs. Gertrude Carroll, H. E. Edwards, and Garnett Mc-Millan, seeking to have the parties named as defendants removed as administrators of the estate of T. G. Spencer, and to have a receiver appointed. The petition was presented to the Honorable I. H. Sutton, judge of the circuit in which Habersham County is located. Upon the presentation of the petition Judge Sutton passed an order sanctioning the petition and ordering the same filed, and set the matter for hearing at Clarkesville on the 12th day of November, 1927. The petition was duly filed on the 4th day of November, 1927, in the office of the clerk of the superior court. On the 12th of November the case was continued until the 19th of November. On the last-mentioned date, when the matter came on for a hearing, one of the defendants, H. E. Edwards, the plaintiff in error, presented to his Honor Judge Sutton a plea raising a question as to the disqualification of the presiding judge, suggesting that the judge was disqualified to entertain this petition, and no hearing was had on this date. Subsequently Judge Sutton made the following order in the case: "One of the defendants having made the point that the undersigned judge of this court is

disqualified, it is ordered that this case be referred to Honorable W. W. Stark, Judge of the Piedmont Circuit, for action." Judge Stark was then present and presiding in certain cases wherein Judge Sutton was disqualified. Judge Stark then passed the following order in the case: "The above case having been referred to the undersigned by the Honorable I. H. Sutton, on account of being disqualified, for which reason jurisdiction is assumed, and a hearing on application for receiver is hereby fixed to be heard at Commerce, Ga., June 6, 1928." Upon the final hearing of the case before Judge Stark an order was granted removing the defendants as administrators and appointing a receiver. To the granting of this order the defendants excepted.

In addition to the exception to the order removing the administrators and appointing a receiver, there are certain other assignments of error contained in the bill of exceptions. One contention of the plaintiff in error is that Judge Sutton, being disqualified, could not give valid sanction to the equitable petition, so as to have it filed and so that it might be set for hearing before another judge, and that all that was done in the case was nugatory. Counsel for defendant in error insists, in the first place, that Judge Sutton, under the showing, was not disqualified; and, in the second place, that if he was, he could have sanctioned the petition and could have issued the order nisi in the case, and he having done so, the hearing by the judge who took jurisdiction and the proceedings therein were valid and regular.

We are of the opinion that Judge Sutton properly declined to hear the case; and while he does not expressly state in the order passed by him that he was disqualified, we are of the opinion that he was disqualified. From the application to have the judge declare himself disqualified, which was positively sworn to and which was not controverted, it appears that Judge Sutton is executor of the last will and testament of Dr. J. K. Burns, deceased, and that J. K. Burns is a creditor of the estate of the defendants' intestate, the claim of Burns against that estate having been reduced to judgment; and that Judge Sutton also claimed an individual indebtedness against the estate of the defendants' intestate. Without reference to other grounds upon which the application to have the judge hold himself disqualified is based, it appears that he had such an interest in the subject-matter of the suit that he would

be disqualified to preside as judge. Section 4642 of the Civil Code is as follows: "No judge or justice of any court . . can sit in any cause or proceeding in which he is pecuniarily interested." And under the facts alleged, and not disputed, it appears that the judge would have a pecuniary interest in the question as to whether or not these administrators, who are alleged to be mismanaging the estate and wasting it, should be removed and a receiver be appointed who would conserve the estate.

But we are further of the opinion that the mere sanctioning of the petition and setting it for a hearing, and the subsequent proceedings had in consequence of the sanction of the same, were not nugatory and void. While the sanctioning of the petition as a prerequisite to the filing of the same way, in a certain sense, be a judicial act, the disqualification of the judge did not prevent the sanction from being valid. None of the material issues in the case were affected favorably or unfavorably by this sanction. This was merely the means by which the case upon its merits was brought to a hearing, and that hearing was had before another judge qualified to hear and decide the case. While a judge who had been of counsel in a case is disqualified, it has been held that under such disqualification he could declare himself disqualified and designate another judge to try the case. The designation of another judge to try the case is in itself a judicial act, but it is a judicial act of such a character that a disqualified judge could perform it. Referring to the section of the Code relating to. the disqualification of judges, a part of which is quoted in the first division of this opinion, this court, in the case of *Allen* v. *State*, 102 *Ga.* 619, 623, 624 (29 S. E. 470), said: "The constitution of the State of Texas, on this subject, is identical with the statute of Georgia, and prohibits a judge from 'sitting in any cause when he shall have been of counsel in the case.' And it was urged that under the constitution the presiding judge of a district court in that State was disqualified from taking action in a given case. Construing the meaning of the phrase, 'sit in any cause,' the Texas Court of Appeals (8 Texas App. 659), by Winkler, J., says, after referring to another provision of law that the parties may by consent appoint a person to try the case, etc., 'Taking these several passages in connection, it would seem that when it is said that the judge shall not sit in any case, it is intended that he shall not do

what the person chosen or appointed may do, that is, ' try the case.' '
And further construing the language of the constitution, the court
says, that while he can not sit in the trial of the cause, or make any
ruling which would probably arise on the trial, he would not be
incompetent to preside in taking incidental orders, as, for instance,
*an order granting a change of venue,* or entering an order appoint-
ing a person agreed upon to try the case; nor would the dis-
qualification prevent him from receiving the report of the grand
jury for the term, although there be embraced in such report the
return of an indictment in which he would not be qualified to sit.
The Supreme Court of Iowa (5 Iowa, 486) rules: ' It may well
be doubted whether an order allowing the substitution of papers in
a case, which had been destroyed by fire, so far involved judicial
action as to vitiate the proceedings because of the supposed in-
terest of the judge in the case.' In treating this subject, Judge
Cooley, in his work on Constitutional Limitations (6th ed.), 509,
concludes by saying: ' Mere formal acts, to enable the case to be
brought before a proper tribunal for adjudication, an interested
judge may do, but that is the extent of his power.' " And so in the
present case, the disqualified judge could sanction the petition so
that it could be brought to a hearing before a judge who was
qualified to sit in the cause and decide the same.

    The rulings in headnotes 3, 4, 5, and 6 require no elabora-
tion.         *Judgment affirmed. All the Justices concur.*