## DONALSON *v.* DONALSON.

No. 15153. MAY 9, 1945. REHEARING DENIED JUNE 7, 1945.

*A. B. Conger,* for plaintiff in error.

*J. C. Hale* and *Earle M. Donalson,* contra.

WYATT, Justice. The first and controlling question which we are called upon to decide is whether or not the petition should have been dismissed for the reason that it was filed in the clerk's office without having been sanctioned by the trial judge.

"The clerk shall indorse upon every petition the date of its filing in office, which shall be considered the time of the commencement of the suit. No petition shall require the sanction of the judge before its filing, unless it shall pray some extraordinary remedy." Code, § 81-112. "If an extraordinary process or remedy shall be prayed, the sanction of the judge of the court or of some judge of the superior courts shall be first obtained before such process shall be issued or such remedy granted. The application may be ex parte and may be granted without a hearing in cases of manifest necessity. In all other cases the judge shall allow a hearing before passing the order. In all cases, on 10 days' previous notice and the filing of defendant's answer, a motion may be made at chambers to set aside or dissolve the order granting the sanction of the court." § 81-113.

In *Knoxville Iron Company* v. *Wilkins & Co.,* 74 *Ga.* 493, 497, where the court had under consideration the law of lis pendens as applied under a state of facts similar to the instant case as to the filing and sanction of the petition, it was said: "The 53d section of the judiciary act of 1799 (Cobb's New Dig., Appendix, 1143)

required in terms that all bills in equity should be read and sanctioned by one of the judges, and a copy thereof served on the opposite party at least thirty days before the filing of such bill in court. By the act of December 24, 1827, so much of the foregoing provision as required judges to read and sanction bills in equity, other than bills of injunction, ne exeat, and quia timet, before filing them in court, was repealed. Cobb's New Dig., 468. So that, under this legislation, bills praying extraordinary remedies required the sanction of the judge before they could be filed in court, and such is the provision of our Code, § 4184, which declares, in plain and unmistakable language, that 'no bill shall require the sanction of the judge before its filing, unless it prays some extraordinary remedy.' "

In *Atlanta Real Estate Co.* v. *Atlanta National Bank,* 75 *Ga.* 40 (4), this court said: "There being no prayer for either an injunction or a receiver previous to the final trial, the bill was properly filed without the sanction of the judge."

In *Young* v. *Hamilton,* 135 *Ga.* 339, 345 (69 S. E. 593, 31 L. R. A. (N. S.) 1057, Ann. Cas. 1912A, 144), the action of the trial judge in appointing a receiver upon presentation of the petition before it was filed in the clerk's office was attacked. In discussing that question, the court said: "Under the English practice no sanction of a bill invoking the extraordinary powers of a court of equity was required as preliminary to the filing of the bill. The practice in Georgia does not now, and never did, conform to the English chancery practice. By the 53d section of the judiciary act of 1799, all bills in equity were required to be read and sanctioned by one of the judges, and a copy thereof served on the opposite party at least 30 days before the filing of such bill in court. By the act of 1827 so much of that provision as required judges to read and sanction bills in equity, other than applications for injunction, ne exeat, and quia timet, before filing them in court, was repealed. So that now only bills praying extraordinary relief require the sanction of the judge before they can be filed in court."

Again, in *Dougherty* v. *Fouché,* 149 *Ga.* 608 (2) (101 S. E. 578), it was held that, "inasmuch as no extraordinary relief was prayed, the petition did not require the sanction of the judge prior to its filing, under the Civil Code, § 5545." Also, this court has held that, "where a petition prays for a permanent injunction

against the defendant, but does not pray for a temporary injunction or other interlocutory relief prior to the final trial, the same can be filed in the office of the clerk of the superior court without first obtaining the sanction of the judge." *Wynne* v. *Fisher,* 156 *Ga.* 656 (4) (119 S. E. 605).

The precise question now under consideration was not decided in any of the cases above cited; but the court in all of these cases seems to have recognized the proposition that, when extraordinary relief is sought, the petition must be sanctioned before being filed. No case in which the precise question has been decided has been called to our attention, and we have found none. This court has held that an amendment required to be allowed and filed within a given number of days is no part of the record if filed without being allowed, or if allowed but not filed, or if filed within the given time but allowed after the expiration of the given time. See *Richards* v. *Shields,* 138 *Ga.* 583 (75 S. E. 602); *Johnson* v. *Vassar,* 143 *Ga.* 702 (85 S. E. 833); *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Humphries* v. *Morris,* 179 *Ga.* 55 (175 S. E. 242).

As appears from the cases herein cited, at one time no bill in equity could be filed until sanctioned by the judge or chancellor. The beginning of this requirement seems to date back to the year 1532, when Sir Thomas More was appointed Lord Chancellor. He found many abuses prevailing in the chancery courts of England. Writs of subpœna had been granted on the payment of the fees, without any examination as to whether there was any probable cause for involving innocent individuals in a chancery suit. He found a heavy docket of undisposed-of cases, some having been pending for twenty years, and promulgated this order or rule: "No subpœna should issue till a bill had been filed, signed by the attorney; and he himself having perused it, had granted a fiat for the commencement of the suit." See Campbell's Lives of the Lord Chancellors, vol. 2, pp. 36, 37. Thus seems to have originated the requirement of sanction before the filing of petitions in equity. The legislative branch of our State government saw fit to adopt this general rule. Later the requirement was modified so as not to require sanction of a petition unless extraordinary relief is sought. The requirement, when extraordinary relief is sought, was retained, and is contained in the Code sections cited in this opin-

ion—the probable reason for retaining the requirement being that people should not be called upon to defend or be harassed by petitions seeking the harsh remedies of extraordinary relief until and unless the petition has first had the sanction of the judge. Therefore, to hold that action by the judge on the petition after it has been filed would remedy this defect, would have the effect of circumventing the very purpose and intent of the legislature. A ruling to the effect that the petition should not be dismissed if other relief, in addition to extraordinary relief, is sought, would have the same effect. The reason for a law, and whether it is wise or unwise, are questions addressing themselves to the legislative and not the judicial branch of our government. We are confronted with the plain and unambiguous provisions of law which require that, before a petition in equity seeking extraordinary relief can be filed, it must be sanctioned by the judge. The petition should have been dismissed.

Since the holding here is that the petition should have been dismissed, it becomes unnecessary to pass upon the remaining assignments of error.

*Judgment reversed. All the Justices concur, except Bell, C. J., who dissents.*