## HOWARD *et al v.* WARREN *et al.*

CANDLER, Justice. On November 15, 1949, J. V. Warren, W. C. Wells, J. W. Godfrey, H. O. Kicklighter, and Henry Baggs, as citizens and taxpayers, instituted an equitable suit against J. C. Howard, C. H. Baxter, H. H. Howard, R. B. Smiley, and D. W. Davis, as members of the Board of Roads and Revenues for Long County, and Z. A. Smith, as Tax Collector of said county. Their petition, as amended, sought to enjoin the collection of a tax levied for county purposes, "To pay expenses, county's part, Forest Fire Protection, under acts of the Legislature, for the year 1949, four (4) mills." On presentation, the petition to the Judge of the Superior Court for Long County was sanctioned by him, a restraining order was granted as prayed for, the clerk of the court was ordered to file it as a proceeding for extraordinary relief, and a rule nisi was granted requiring the defendants to show cause before him on a named date why a temporary injunction should not be granted as prayed for. On November 26, 1949, the defendants filed a written motion to have the judge disqualify himself, alleging that he was related to the defendants Smiley and Smith within the degree prohibited by statute—the exact disqualifying degree of relationship being therein pointed out. They also demurred to the original petition upon both general and special grounds, and later renewed them to the petition as amended. Admitting the alleged disqualifying degree of relationship to be true, the trial judge took under advisement the motion for his disqualification and the demurrers. Before any decision, the two related defendants waived in writing his disqualification and consented for him to preside. The four remaining defendants did not join in such waiver and consent, but insisted upon their motion to disqualify. On January 14, 1950, the trial judge entered the following order: "The plaintiffs having in open court waived the disqualification of the trial judge, and the related defendants referred to in said motion having expressly waived such disqualification in writing, and it appearing that the petition attacks the official and not the personal acts of the defendants, the within motion is hereby overruled." On the same day, by separate order, the judge overruled all of the demurrers insisted on, including the general demurrers which challenged the sufficiency of the petition as amended to state a cause of action for any of the relief prayed. The four defendants who had not joined in the waiver of the judge's disqualification and consent for him to act and preside excepted, and in a direct bill of exceptions assigned error on the order of the judge overruling the motion to hold himself disqualified, and on the judgment overruling their demurrers to the amended petition. *Held:*

1. "No judge or justice of any court, . . shall sit in any cause or proceeding in which he is pecuniarily interested; nor preside, act or serve in any case or matter, when such judge is related by consanguinity or affinity to any party interested in the result of the case or matter, within the sixth degree, as computed according to the civil law." Code (Ann. Supp.), § 24-102. But when, as in this case, the judge is disqualified because of relationship "to any party interested in the result of the case or matter," his disqualification may be waived by *all* of the parties (*Georgia Power Co.* v. *Watts,* 184 *Ga.* 135, 190 S. E. 654, 110 A.L.R. 465); and in the absence of such a waiver, the judge of any other circuit, who is qualified, may act and preside for the disqualified resident judge. Code, § 24-2617; *Glover* v. *Morris,* 122 *Ga.* 768 (50 S. E. 956); *Galloway* v. *Mitchell County Electric Corp.,* 190 *Ga.* 428 (9 S. E. 2d, 903); *Norris* v. *Pollard,* 75 *Ga.* 358 (3). In the *Norris* case, this court said: "Where an injunction is required, and the judge of the circuit is disqualified from acting, the application for it must be made to some other judge of the superior court, who is qualified, and jurisdiction, in that event, is conferred upon him to act." In the instant case, four of the defendants did not waive the judge's disqualification. On the contrary, they expressly urged and insisted upon his disqualification, and the fact that he was related only to their co-defendants does not alter the rule requiring a waiver in such a case by all of the interested parties. *Shuford* v. *Shuford,* 141 *Ga.* 407 (81 S. E. 115); *Georgia Power Co.* v. *Watts,* supra.
2. There is no merit in the contention here made that the trial judge was not disqualified in the instant case, because the defendants were proceeded against in their official and not their respective individual capacity. Injunction is distinctly an equitable remedy, and a court of equity acts in personam, not in rem. 28 Am. Jur. 199, § 4. It is relief which may be enforced by the court granting it by attachment against the party refusing to obey the mandates of the decree. Consequently all of the defendants were personally interested in the result of the present suit. Code, §§ 37-1208, 37-1210.
3. Any act which puts in motion the extraordinary powers of a court of equity is essentially judicial. *Short & Co.* v. *Spragins, Buck & Co.,* 104 *Ga.* 628, 631 (30 S. E. 810). Being so, it is a function which should be exercised only by a qualified judge. Consequently a petition, like the one in the instant case, which seeks extraordinary relief, must be sanctioned by the resident judge of the circuit before it can be filed unless he is disqualified to act, and, in case of his disqualification, by the judge of some other circuit, who is qualified. Code, §§ 81-113, 24-2617. And a petition for such relief which is filed without having first been legally sanctioned is a nullity and should be so treated. *Mayor of Savannah* v. *Grayson,* 104 *Ga.* 105 (30 S. E. 693); *State Mutual Life Ins. Co.* v. *Walton,* 142 *Ga.* 765 (83 S. E. 656); *Donalson,* v. *Donalson,* 199 *Ga.* 391 (34 S. E. 2d, 451). In holding in this case that a disqualified judge can not legally sanction a petition for extraordinary relief, we have not overlooked a ruling to the contrary in *Edwards* v. *Gabrels,* 168 *Ga.* 738 (148 S. E. 913). When that case was decided in 1929, our law provided that no judge could *sit* in any case or proceeding in which he was pecuniarily interested, or related to either party within

the fourth degree by consanguinity or affinity; but since then the statute has been amended by the act of 1935 (Ga. L. 1935, p. 396) so as to prohibit any judge from presiding, acting, or serving in any case or matter, when he is related by consanguinity or affinity to any party interested in the result of the case or matter, within the sixth degree, as computed according to the civil law.

4. Inasmuch as the resident trial judge was disqualified to act in this case, and his disqualification was not waived, all that he did was nugatory (*Allen* v. *State*, 102 *Ga.* 619, 29 S. E. 470); *Dobbins* v. *Marietta*, 148 *Ga.* 467, 97 S. E. 439); and upon motion therefor, he should have disqualified himself.

*Judgment reversed. All the Justices concur.*

No. 17052. MAY 8, 1950.

*T. E. Dawson, H. M.`Hodges*, and *J. T. Grice*, for plaintiffs in error.

*Eugene Cook, Attorney-General, M. H. Blackshear Jr.*, for person at interest, not party.

*C. L. Cowart, R. L. Dawson*, contra.