20850.   NUCKOLLS, Next Friend, *v.* MERRITT.

Argued April 11, 1960—Decided May 5, 1960.

36

*R. E. Kirby, Wm. E. Spence, Harry E. Monroe,* for plaintiff in error.

*Wheeler, Robinson, Norton & Thompson,* contra.

HEAD, Presiding Justice. "It is true as a matter of law that a year's support for a widow can be set apart to her only from the estate of her deceased husband; and if property included therein does not as a matter of fact constitute a part of his estate, the judgment of the court of ordinary simply will not attach to such property, but will be void as applied thereto." *Johnson* v. *City of Blackshear,* 196 *Ga.* 652, 659 (27 S. E. 2d 316), and cases cited; *Harris* v. *Mandeville,* 195 *Ga.* 251 (6) (24 S. E. 2d 23); *Kenner* v. *Kenner,* 214 *Ga.* 381 (2) (104 S. E. 2d 896).

Under Item 11 of the will of Lawrence Merritt, copy of which is attached to the petition, it is recited that, after the death of the testator, his sister, Julia Merritt, is to have a life estate in the land described, subject to the rights of the testator's brother, Luther Merritt, and his wife, Ida Merritt, to occupy the part of the place which they now occupy, and after these estates are terminated, a life estate is granted to Ruby Dean Merritt, the remainder interest being granted to Nellie Merritt Nuckolls,

provided she is living at the time, and if not, to her heirs. The petition specifically alleges that Luther L. Merritt owned no land, and that the setting aside of the land to the defendant is a nullity because it belonged to the estate of Lawrence Merritt. Under the rule stated by this court in *Johnson* v. *City of Blackshear*, supra, the judgment of the Court of Ordinary of Forsyth County setting aside a year's support to the defendant out of the estate of her husband would be void.

The judgment of a court of competent jurisdiction may be set aside in equity for fraud, accident, or mistake, or the acts of the adverse party, unmixed with negligence of the complainant. Code §§ 37-219, 110-710. The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity, and may be so declared in any court when it is material to the interest of the parties. Code § 110-709. A void judgment may be attacked in any court and by any person. Code § 110-701.

An ordinary can not try title as between a widow and claimants in a year's support proceeding. *Dix* v. *Dix*, 132 *Ga.* 630 (64 S. E. 790) ; *Crider* v. *Woodward*, 162 *Ga.* 743 (135 S. E. 95) ; *Richey* v. *First Nat. Bank of Commerce*, 180 *Ga.* 751 (180 S. E. 740) ; *Hicks* v. *Shropshire*, 195 *Ga.* 29 (22 S. E. 2d 793). "For sufficient cause, and with proper parties, a court of equity has jurisdiction to set aside a judgment rendered by the court of ordinary in a year's support proceeding." *Hogg* v. *Hogg*, 206 *Ga.* 691, 693 (1) (58 S. E. 2d 403). Where the allegations of fact show that the judgment under attack is void, it is "sufficient cause" for relief in a court of equity.

The attack in the present case on the year's support proceeding, upon which it is alleged the defendant relies for her claim of title, is not a collateral, but is a direct attack. If the judgment in the year's support proceeding is void for want of title in the defendant's husband, as alleged, such judgment may be attacked in any court at any time.

The ground of the demurrer that the will of the deceased had not been probated in Forsyth County has no merit. The law does not require the probate of a foreign will in this State in order for such a will to constitute a valid muniment of title. Code

§ 113-709, as amended by Ga. L. 1946, p. 83. Whether or not the proceedings in connection with the will of Lawrence Merritt recorded in the office of the Clerk of the Superior Court of Forsyth County meet the requirements of Code §§ 113-709 and 38-627, so as to be admissible in evidence, because not accompanied by an exemplification of the record admitting the will to probate in another state, it is clear that the petition alleges title in remainder in the plaintiffs, and that Luther Merritt had no title to the lands at the time of his death. An allegation that a party is the owner of described realty is an allegation of an ultimate fact. *Foster* v. *Rowland,* 194 *Ga.* 845 (4) (22 S. E. 2d 777). Allegations of fact must be treated as true on general demurrer. *Price* v. *Price,* 205 *Ga.* 623, 629 (54 S. E. 2d 578).

The defendant contends that a petition for extraordinary relief must first be presented to the trial judge before it is filed. As authority for this contention, counsel for the defendant cite *Donalson* v. *Donalson,* 199 *Ga.* 391 (34 S. E. 2d 451), decided on May 9, 1945. The *Donalson* case was not a full-bench decision, Mr. Justice Bell having dissented. At that time Code § 81-112 provided as follows: "The clerk shall indorse upon every petition the date of its filing in office, which shall be considered the time of the commencement of the suit. No petition shall require the sanction of the judge before its filing, *unless it shall pray some extraordinary remedy.*" (Italics ours.) Subsequently, by the rules of practice and procedure (rule 4), approved February 1, 1946 (Ga. L. 1946, p. 767), the words "unless it shall pray some extraordinary remedy" were stricken, so that this section now does not require sanction by the trial judge before filing, even in cases where some extraordinary temporary or interlocutory remedy is prayed.

*Howard* v. *Warren,* 206 *Ga.* 838 (59 S. E. 2d 503), is also cited and relied upon by counsel for the defendant in support of the contention that a petition which prays for any extraordinary relief must be sanctioned by the trial judge before it is filed. *Howard* v. *Warren,* supra, under the statement of facts, presented to this court, first, a question as to the disqualification of the trial judge, and second, his ruling on certain demurrers to the petition as amended. This court did not make any ruling with

reference to the demurrers, but held that the trial judge was disqualified, and that his acts were therefore nugatory. The statement in headnote 3 of the opinion, to the effect that a petition seeking extraordinary relief which is filed without being sanctioned is a nullity and should be so treated, was unnecessary to a decision in the case, in that the petition was presented to the judge on November 12, on which date it was ordered filed, a rule nisi granted, and a temporary restraining order granted. The petition was thereafter filed on November 15. Where a trial judge orders a petition filed, grants a rule nisi, and grants temporary relief, the petition has been "sanctioned," although the judge may not have used the word "sanctioned." The ruling in the *Howard* case did not give effect to Code § 81-112, as amended by the rules of practice and procedure, as hereinbefore set out, and is therefore not controlling here.

There is no conflict between Code § 81-112 and § 81-113, cited in the *Howard* case, supra. Section 81-113 provides in part: "If an extraordinary process or remedy shall be prayed, the sanction of the judge of the court or of some judge of the superior courts shall be first obtained before such process shall be issued or such remedy granted." This, of course, is the rule, but it has nothing to do with the filing of the petition. It relates solely to the relief granted, which relief can be granted only by the sanction of a qualified judge. In the present case, while the petition contains a prayer for the appointment of a receiver (in the body of the petition), no receiver has been appointed, no rule nisi has been issued requiring the defendant to show cause why a receiver should not be appointed, and no hearing has been had on this question. Consequently, no temporary or interlocutory extraordinary relief has been granted.

Prior to the elimination of the words "unless it shall pray some extraordinary remedy" from Code § 81-112 by the amendment to the rules of practice and procedure as hereinbefore set out, and during the time the eliminated words were a part of the statute, it was the rule in this State that the petition had to be presented to the trial judge before filing only in those instances where some temporary or interlocutory relief of an extraordinary character was sought. In *Atlanta Real Estate Co.* v. *Atlanta*

*Nat. Bank,* 75 *Ga.* 40, 46, it was said: "There is no prayer either for the appointment of a receiver or injunction previous to the final trial, and the bill was properly filed without the sanction of the judge." The ruling in the *Atlanta Real Estate Co.* case was followed by this court in the full-bench decision of *Wynne* v. *Fisher,* 156 *Ga.* 656 (4) (119 S. E. 605), where it was held: "Where a petition prays for a permanent injunction against the defendant, but does not pray for a temporary injunction or other interlocutory relief prior to the final trial, the same can be filed in the office of the clerk of the superior court without first obtaining the sanction of the judge." The above ruling in *Wynne* v. *Fisher* was quoted and followed by this court in the full-bench decision of *Simmons Hardware Co.* v. *Timmons,* 180 *Ga.* 531 (179 S. E. 726). Compare also *Knoxville Iron Co.* v. *Wilkins, Post & Co.,* 74 *Ga.* 493; and *Young* v. *Hamilton,* 135 *Ga.* 339 (69 S. E. 593, 31 L. R. A. (NS) 1057, Ann. Cas. 1912A 144).

*Judgment reversed. All the Justices concur.*