No. 88.—VAN LEONARD and others, plaintiffs in error, *vs.* THOMAS STOCKS, defendant in error.

[1.] The 53d section of the Judiciary Act of 1799, conferring Equity powers upon the Superior Courts of this State, (*New Digest*, 467,) and the 3d Rule of Equity Practice, (*General Index*, 596,) expounded, and the mode of procedure under the same, prescribed in Chancery causes.

In Equity, in Muscogee Superior Court. Decision by Judge IVERSON, November Term, 1852.

Thomas Stocks, for himself and other creditors of the Chattahoochee Railroad and Banking Company, on 25th March, 1848, filed in the Clerk's office, a bill in Equity against Van Leonard, James Bethune, and others, stockholders in the said corporation, to make them liable for the redemption of the bank bills issued by the corporation. On 27th December, 1848, important amendments to the bill were filed. Henry Crew and

John Sutlive, two of the defendants, died pending the litigation.

At November Term, 1852, complainant's solicitor moved an order dismissing the bill, as to Henry Crew, John Sutlive, and twenty-two others of the defendants in the bill, without prejudice. The Court granted the order, and the other defendants, by their solicitors, excepted.

Complainant's solicitor also moved an order that the remaining defendants be served within sixty days with a copy of all the amendments made to the bill, and that they appear and answer the bill as amended, on or before the first day of the next Term of this Court, with the liberty of pleading or demurring, or both, at the option of defendants.

The Court granted the order, and defendant's solicitor excepted. Defendant's solicitor then moved the Court to dismiss the bill for want of prosecution with due diligence by the complainants, and for the reason that the Court had not so ordered the proceedings in the case, as that it should be then ready for trial, although more than four terms had elapsed from the filing of the bill to the time of making the motion.

The Court refused to grant the motion, and defendant's solicitor excepted.

Upon these several exceptions, error has been assigned.

JONES, BENNING & JONES, for plaintiffs in error.

W. DOUGHERTY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

As to the first exception, that the Court, upon motion, allowed the complainant to amend his bill, by striking out the names of some of the defendants, no reason has been assigned why the order should not have been granted; and none occurs to this Court.

[1.] It is assigned as error, that the Court, upon application, passed an order requiring the defendants to answer the bill as

amended, on or before the first day of the next term, with liberty to plead or demur, or both. The objection is, that the defendants are compelled *to answer*, notwithstanding they might get rid of the bill by *demurrer* or *plea*.

Such is not our construction of the order. It is not intended to derange or reverse the order of defence in Equity causes. The defendant is forced to answer unless he can be relieved by demurrer or plea. And it is left, as it should be, optionary with him, whether he will seek to avoid the necessity of answering by either, or both of these modes. It is the *privilege* of the defendant to demur or plead. It is his *duty* to answer, and the complainant has the right to compel him to do so, or to submit to have the bill taken *pro confesso*, unless he protects himself by demurrer or plea.

By the 3d Rule of Equity Practice, (*General Index*, 596,) it is provided that, " a *plea* or *demurrer* in part, or to the whole of a bill, *shall be* filed at the *return* Term; and *shall be* argued (improperly printed *urged*) during the Term; that is, at the term when the bill is filed, or upon motion and *cause shown*, at such other time as the Court may direct. The Court will, however, in its discretion, upon sufficient cause shown, grant further time for filing such plea or demurrer; and such order shall express the time within which the same shall be filed, and the further time thereafter, within which it shall be argued, or considered as dismissed. And notice in writing of the filing of such plea, or demurrer, shall be given to the adverse party, or his counsel at the time of filing thereof. The defendant or defendants in any bill in Equity, may demur, plead and answer at the same time, *at the first term;* the demurrer, plea and answer, may be separately disposed of in their order, but the filing of the plea, or answer, shall in no case operate to overrule the demurrer."

Counsel would do well to give their attention to this Rule, and to shape their pleadings in Equity causes so as to conform to its provisions. Under it the defendant *may* demur, plead and *answer*, at the *first term;* in which case, the filing of the plea or answer, shall not operate to overrule the demurrer, but each defence shall be separately disposed of in its order, viz :

the demurrer first, next the plea, and then the answer. But defendants *must* demur and plead at the return term of the bill; and the demurrer and plea must be argued during that term, or *upon motion and cause shown*, at such other time as the Court may direct. The Court, upon sufficient cause shown, will grant further time for filing such demurrer or plea. In which event, the order shall express the time within which the same shall be filed, and the further time thereafter within which the demurrer or plea shall be argued, or be considered as dismissed.

We have deemed it advisable to be thus explicit, as there seems to be some confusion as to the true intent and meaning of this Rule. And yet, to our minds, its language seems to be exceedingly plain.

Now, our interpretation of the interlocutory order taken in this case, that the defendants be served within sixty days with a copy of all the amendments made to the bill, and that they appear and answer the bill as amended, on or before the first day of the next Term of the Court, with the liberty of pleading or demurring, or both, at the option of the defendants, is, that at the term next ensuing the order, the defendants might, in their discretion, first demur and plead; and if the demurrer be overruled and the plea not sustained, they must be prepared to put in their answer immediately; though it may not be actually filed until the other two defences are passed upon; and with this understanding, we affirm the judgment upon this point.

As to the refusal of the Court to dismiss the bill for want of due diligence by the complainant in prosecuting it, and for the reason that the Court had not so ordered the proceedings in the case, as that it should be then ready for trial, although more than four terms had elapsed from the filing of the bill to the time of making the motion, we have just overruled that objection, in the case of *Hoxey vs. Carey*. And I will dismiss it with a few general remarks upon Equity procedure, under the Act of 1799.

The motion, in this case, to dismiss for want of diligence, is predicated upon the assumption, that this Act peremptorily re-

quires that all Equity causes should be set down for trial at the third term, including that at which it was filed, or at the fourth, at most, upon special cause shown.

The view we take of it is this : The provision referred to is directory, still it is imperative, and should be executed as implicitly as other law of the land.   But it will not do to select this one clause of the Statute and insist upon its rigid enforcement, irrespective of the rest of the Act.   It is a whole, and must be construed as such.   Now, the same section declares, that the bill *shall be* served thirty days before the Court to which it is returnable, and at which it is filed, and that it *shall be* answered on or before the first day of the next term.   Now, these requisitions are equally obligatory with the one which directs that the cause *shall be* set down by the Court for trial at the third term, or fourth at farthest, from the time of filing the bill. And it will be observed, that although in point of collocation these clauses do not follow each other in the order in which construction indicates, still it must be manifest that, in point of fact, the service of the bill and the filing of the answer, must necessarily precede the setting down the cause for trial.   Comply, then, with these two requisitions, and it is practicable to enforce the third.   And this is the course of proceeding in a great proportion of the Equity causes in the country.   And in all such, the Act can be, and ought to be, literally observed and obeyed.

But suppose the defendant dies before service, and before the return term of the bill, and twelve months or more necessarily intervene before his representatives can be made a party;  or he demurs to the bill the first term, and the judgment of the Superior Court upon the demurrer is excepted to, and carried up by writ of error to this Court.   Or suppose that obstacles intervene of this, or some other character, between the first and the second term, so that the answer cannot be obtained at that time. Or suppose there be more defendants than one, a portion of whom reside without the County or State ; in other words, suppose from any cause whatever, some legal obstacle interposes to prevent the cause from proceeding in the regular way—as for instance, the bill from being served thirty days before the term

at which it is made returnable, or answered at the ensuing term, it must be apparent that in all such cases, the cause cannot be set down for trial at the third or fourth term ; and it was never contemplated by the Statute that it should be. And it cannot be done, because the proceeding has been delayed, not by the default of the complainant, but by operation of law. And this and every other Court is bound to execute alike, all the laws, and if possible, put such interpretation upon them as that all may not only stand, but harmonize. As an illustration of this rule, the Courts of this State have uniformly held, that the death of the debtor suspends the Statute of Limitations during the twelve months within which no suit can be brought against the estate ; and that, too, in the face of the principle, that where the Statute of Limitations has commenced running, no subsequent disability can stop it.

Our judgment, therefore is, that a bill cannot be said to be *filed*, in any case, until all the necessary parties, whether original defendants or those brought in by amendment, are served thirty days previously. It may then, and not before, in terms of the Judiciary Act, be said to be *filed*. If answered by all of the defendants, on or before the first day of the next term, then it *must be* set down for trial at the *third* term, or the fourth, at farthest. If, however, legal hindrances intervene to prevent it being *answered*, here again, the same rule applies as that laid down as to the *filing*. These obstacles must be removed, and the bill answered, before the pleadings can be so ordered by the Court as to set down the cause for trial. But when once the parties are all served and the answers are in, the obligations of the Statute attach and must be complied with. If then, or at any previous stage of the cause, the complainant is wanting in diligence, it is the privilege of the defendant to move against him to speed the cause or take the consequences. If, however, no steps are taken by the defendant, forcing the complainant to proceed, he will be adjudged to have acquiesced in the delay, and to have assented, unless he complains.

As to amendments, they are not cut off by the cause being set down for trial, or even by a verdict. Either after the cause

Leonard and others *vs.* Stocks.

is set down for trial and before verdict, or upon the appeal after the first verdict, necessary amendments may be made, upon a proper showing, such as is usual in Equity, and upon such terms as the Court may prescribe.     But continuances will begin to run from the time when the cause is set down for trial, which is always done, upon motion by the complainant's solicitor, and an order entered upon the minutes to that effect.     The continuances to be regulated by the practice of the Courts, as heretofore pursued.     The cause stands for trial, of course, at the term when it is set down for trial.     Either party, however, ought to be allowed to continue without any special showing. And it occurs to us, that one more continuance before verdict is all that ought to be allowed.     On the appeal, the continuances will be governed by the same rule which obtains in Common Law cases; which is, that no appeal case shall be continued more than twice by the same party, but for unavoidable providential cause.

Full force and effect is given to the Act, thus practically interpreted, and the paramount object preserved, of expediting litigation.

As to amendments, our opinion is this : where new parties are brought in by amendment who are material, and against whom a decree is prayed, the same time must be extended to them as to original defendants ; viz: to demur or plead at the first term after they are served, allowing them till the second term to answer.     But as to amendments made during the progress of the cause, it is competent for the Court, with a view to haste, to prescribe the time within which the party may plead to the new matter—due regard being had to the privilege of the defendant to demur and plead, before answering either to the amendment or to the whole bill as amended.     If, at the time specified by the Court for answering the amendment, the defendant is unable to answer for want of papers, or any other cause beyond his control, growing out of the shortness of the time within which he is required to answer, further time will be allowed upon a proper showing to the Court.