## 43054. WOODALL, Executor v. PHARR.

WHITMAN, Judge. This case involves an appeal by one Charles B. Woodall, Jr., as executor of the estate of C. B. Woodall, Sr., deceased, defendant, from a judgment of the trial court of date June 8, 1967, sustaining motion by Ralph Pharr, plaintiff, for summary judgment and awarding to plaintiff against defendant the sum of $420 interest on certain notes beyond the date of their maturity, plus attorney's fees as provided in said notes totaling $634, plus all costs of the action.

The case in which this motion for summary judgment arose was a suit by Pharr against Woodall as such executor on seven promissory notes, being the remainder of a series of notes of date April 12, 1957, payable by C. B. Woodall, Sr. as maker to the order of one A. J. Pharr, later transferred to and acquired by Ralph H. Pharr, aggregating $5,400 principal, and bearing interest from their date at the rate of 5% per annum, together with 10% attorney's fees if collected by law.

The order and judgment of the trial court is appealed from correctly and so well sets forth the relevant facts for consideration in passing on the merits of the appeal that they are here substantially set forth as stated in the opinion and judgment of the trial court, together with other facts, as follows:

Woodall, Sr. died on July 22, 1963, and his estate was unrepresented from the time of his death until Pharr was appointed administrator of his estate on April 6, 1965. Thereafter on May 27, 1965, the last will and testament of Woodall, Sr. was probated and Charles B. Woodall, Jr. qualified as executor under the will.

Under date of January 16, 1957, Alexander J. Pharr as lessor entered into a written lease with C. B. Woodall (Sr.) as lessee, under the terms of which property known as No. 2989 Peachtree Road, N.E., Atlanta, Georgia, was leased for a term commencing April 25, 1957, and ending on the 14th day of April, 1977, at monthly rentals therein set forth and subject to the terms of said lease. Among other special stipulations the lease provided as follows:

"It is agreed that the failure to promptly pay when due any debt of any kind owing or which may at any time become owing to lessor by lessee shall constitute a default in the obligations of lessee under this lease and upon any such default lessor shall have all of the rights of cancellation provided for in paragraph 8 hereof as if there were a default in the payment of rent.

"In the event lessee dies before the expiration of the term of this lease, lessee's heirs at law, if lessee leaves no will, or his widow and his sons or either of them as legatees under lessee's will, may succeed to lessee's rights under this lease, but neither this lease nor any rights hereunder shall constitute an asset of lessee's estate for the purpose of sale or for any other purpose than that specifically herein stated."

Paragraph 8 of the lease, inter alia, contained the following provisions: "If lessee defaults for three days after written notice in paying said rent; or if lessee defaults for thirty days after written notice thereof in performing any other of his obligations hereunder . . . ; then, and in any of said events, lessor at his option may at once, or within six months thereafter (but only during continuance of such default or condition) terminate this lease by written notice to lessee; whereupon this lease shall end."

Thereafter Alexander J. Pharr died and Ralph H. Pharr became the owner of the leased premises and the lessor thereof.

The will of Woodall, Sr. gave, bequeathed and devised to his wife, Annie E. Woodall, "all of my estate, both real and personal, absolutely and in fee simple." Appellee Pharr contends that a tender of payment of a debt due an estate can only be

made by an administrator of one who dies intestate or by an executor where one dies testate, and that in view of the fact that all tenders claimed to have been made to him as a creditor of the estate in respect of the notes sued on were made on behalf of the heirs at law of Woodall, Sr., deceased, they were not for this reason valid tenders. The appellant, Charles B. Woodall, Jr., as executor, contends that the heirs at law of Woodall, Sr. prior to the discovery of his will "had sufficient equitable interest in the assets of the estate of C. B. Woodall, deceased, to make a tender, particularly where such was required to preserve the assets, namely, the lease in question. This is particularly true where it subsequently developed that one of the heirs at law was the sole legatee under the will." Annie E. Woodall, the widow of Woodall, Sr., was, as above indicated, the sole legatee (beneficiary) under the will.

Pharr, as above set forth, brought suit against Woodall as executor on seven promissory notes aggregating $5,400 principal, the first six notes aggregating $4,800 principal and the seventh or remaining note amounting to $600 principal. The seventh note according to its face was due October 11, 1966. Under date of April 7, 1966, Pharr in writing accelerated, pursuant to the ten-day acceleration clause in the notes, the maturity of the last two of said notes on account of the failure to pay the five notes of prior maturities, which last two notes according to their face were due, respectively, on April 11, 1966, and October 11, 1966, this written notice being given to Woodall, Jr. as executor, which notice made demand for payment of the seven notes sued on. On June 22, 1966, an attorney for Pharr gave written notice to Woodall, Jr. as executor, referring to the written notice of April 7, 1966, reciting that all of the seven notes also therein described were then in default as stated in the notice of April 7, 1966, and also therein and thereby gave to Woodall, Jr. as executor notice for the recovery of 10% attorney's fees, as therein provided and as provided by law.

It appears from the record that on May 10, 1966, apparently on behalf of Woodall, Jr. as executor, a check in the amount of $12,735 was tendered to the attorney for Pharr which was refused; this check appearing to be in payment of all rents due under the lease from August, 1963, through April, 1966, totaling $7,425, plus principal on notes due in the aggregate amount of $4,800, plus interest of $510. This was after the

acceleration of the maturity of all of the notes, including the seventh note, amounting to $600 principal, and the check, therefore, did not include the amount of the seventh note for $600, plus interest. It further appears that on the evening of June 30, 1966, tender in currency was made by attorney for Woodall, Jr. as executor to Pharr in person for the principal amount of the first six notes, but not of the seventh or last note, which tender was rejected.

The trial court did not err in holding that any tenders by or on behalf of the heirs at law of Woodall, Sr., that is, his widow and two sons, were not a legal tender. See *McDougald v. Dougherty*, 11 Ga. 570 (6). Nor can this court agree with the contention of appellant, Woodall, Jr., as executor that the heirs at law of C. B. Woodall, deceased, had sufficient equitable interest in the assets of the estate to make a tender to preserve the assets of the estate, "namely, the lease in question."

As stated above, the lease expressly provides that in the event the lessee (Woodall, Sr.) dies before the expiration of the term of the lease, neither the lease nor any rights thereunder shall constitute an asset of the lessee's estate. The reference in the lease to the lessee's heirs at law if he left no will or to his widow or his sons, or either of them, as legatees under any will left by him, had reference only to them as individuals taking in their right as such and not in any sense as the personal representative or representatives of the estate of the deceased. They were merely words of description as to who might take as lessees under the terms of the lease upon the death of their husband and father in the event of his death prior to the expiration of the term of the lease. See *Chess-Carley Co. v. Purtell*, 74 Ga. 467. Moreover, the obligation evidenced by the notes sued on was the obligation of the deceased and of his estate, and not the obligation of his heirs or legatee. The obligation for rents under the lease was not the obligation of the estate unless there were unpaid rentals for occupancy prior to the death of Woodall, Sr. as lessee. Any obligation on the part of the heirs at law of the deceased or of his widow in respect to rents under the lease would be by virtue of their succession as lessees under the lease in relation to Pharr as their lessor.

The provision in the lease in respect to the effect of non-payment of rent, and also of other debts of the lessor, makes provision as hereinabove set forth for cancellation of the lease, thus ter-

minating the same. The present suit does not involve any question of cancellation of the lease, nor does this case involve or adjudicate the question of the existence or non-existence of the lease and its present status. The reference to other debts in the lease is a reference to debts of the lessee and a cancellation during the lifetime of the original lessee. Upon the death of the original lessee the lease was terminated, subject and except only as to the provisions of the lease in respect of its becoming the property of the heirs or legatees of the deceased in their capacity as individuals under and by virtue of the terms of the lease.

There is no question as to the amount of the judgment of the trial court on and pursuant to the second motion for summary judgment to which said judgment relates.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 8, 1967—DECIDED FEBRUARY 29, 1968— REHEARING DENIED MARCH 15, 1968—CERT. 

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,* for appellant.

*Moreton Rolleston, Jr.,* for appellee.