24646. WOODALL, Executor v. PHARR.

FRANKUM, Justice. This case is before this court upon the grant of writ of certiorari to the Court of Appeals. See *Woodall v. Pharr,* 117 Ga. App. 405. (160 SE2d 656) where the relevant facts are fully set forth. The Court of Appeals, in affirming the judgment of the trial court, based its opinion and judgment squarely on the ruling of this court in *McDougald v. Dougherty,* 11 Ga. 570, 588, which ruling was re-iterated by this court on the subsequent appearance of the same case at 14 Ga. 674. We can see no distinction between the point ruled upon in those cases and the question here presented. Following the rulings in those cases, we affirm the judgment of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Mobley and Undercofler, JJ., who dissent.*

ARGUED JUNE 11, 1968—DECIDED JULY 2, 1968—
REHEARING DENIED JULY 16, 1968.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,* for appellant.

*Moreton Rolleston, Jr.,* for appellee.

MOBLEY, Justice, dissenting. The judgment appealed from in this case was the sustaining of a motion for summary judgment by Ralph H. Pharr in his action against Charles B. Woodall, Jr., as executor of the estate of C. B. Woodall, Sr., for principal, interest, and attorney's fees on notes executed by the deceased Woodall. The notes had originally been made payable to A. J. Pharr, and they were transferred to Ralph H. Pharr after the death of A. J. Pharr. The controversy between the parties was whether there had been a legal tender of the amounts due on the notes.

There was necessarily involved in the case a lease agreement between C. B. Woodall, Sr., and A. J. Pharr, because this lease provided that any default in any obligation of Woodall to Pharr would authorize a cancellation of the lease. The lease provided: "In the event lessee dies before the expiration of the term of this lease, lessee's heirs at law, if lessee leaves no will, or his widow and his sons or either of them as legatees under lessee's will, may succeed to lessee's rights under this lease, but neither this lease nor any rights hereunder shall constitute an asset of lessee's estate for the purpose of sale or for any other purpose than that specifically herein stated." C. B. Woodall, Sr., died on July 22, 1963, and his estate was unrepresented from the time of his death until Pharr was appointed administrator of his estate on April 6, 1965. On May 27, 1965, his will was probated and Charles B. Woodall, Jr., qualified as executor under the will. Woodall devised and bequeathed all of his property to his wife, Annie E. Woodall. From the date of Woodall's death until the qualification of the executor, the amounts due Pharr on the notes, and the rents due under the lease, were tendered to Pharr by the heirs at law of C. B. Woodall, Sr.

The Court of Appeals affirmed the judgment of the trial court, basing its decision on *McDougald v. Dougherty*, 11 Ga. 570, 588, and a majority of this court, on certiorari, has affirmed that judgment. While there is language in the *McDougald* case which appears to support the view of the Court of Appeals and the majority of this court, I do not consider the *McDougald* case in point on its facts with the present case, or binding au-

thority on the question now before this court. The *McDougald* case was an equitable action by a creditor of a deceased person to enforce a deed of trust alleged to have been made by the decedent for the benefit of creditors, in which action a receiver was appointed. The question concerning tender in the case was whether a tender by a person who was not a party to the case would arrest the case, and it was held that it would not. At page 587, it was stated that the tender had not been formally pleaded, "which is of itself a good reason for not allowing it, . . ." The ruling on the further appearance of the case in 14 Ga. 674, was that: "A tender cannot be made by one who is not a party to a bill in equity, so as to constitute a valid objection to the reception of a material amendment."

*Code* § 20-1105 provides that a tender may be made "by an agent or friend," which indicates a liberal policy of our law as to those who might make tender of an indebtedness. The lease held by Woodall provided that on his death his heirs at law, if he left no will, or his legatee or legatees under his will, might succeed to his rights under the lease, but that the lease would not constitute an asset of his estate for any other purpose. The right to tender rents under the lease after Woodall's death was therefore a personal right in the successor to the lease. While the legal representative would have the right to tender payments on the notes, the successor to the lease would also have a beneficial interest to protect by the payment of the indebtedness due on the notes, since the lease provided that a default of other obligations could terminate the lease. The tenders were made by the heirs at law of Woodall, and Mrs. Annie E. Woodall, the legatee under his will, was one of these heirs. It is my view that it is contrary to the wording and spirit of *Code* § 20-1105 to hold that the tender by all the heirs at law of Woodall would not be a legal tender because only one of the heirs had a beneficial interest to protect. I cannot, therefore, concur in the affirmance of the ruling by the Court of Appeals that the tenders were not valid.

I am authorized to state that Mr. Justice Undercofler concurs in this dissent.