44259. WOODALL et al. v. PHARR.

ARGUED FEBRUARY 4, 1969—DECIDED APRIL 28, 1969—REHEARING DENIED MAY 16, 1969—

*Grant, Spears & Duckworth, William G. Grant, Smith, Cohen,* *Ringel, Kohler, Martin & Lowe, Hoke Smith,* for appellants. *Moreton Rolleston, Jr.,* for appellee.

BELL, Presiding Judge. ■ The general rule, at least where the lessee is not the author of the instrument, is that lease contracts are construed against the lessor. *Farm Supply Co. v. Cook,* 116 Ga. App. 814, 818 (159 SE2d 128); *Chalkley v. Ward,* 119 Ga. App. 227, 230 (166 SE2d 748). Forfeitures are abhorred in law and equity. *DeLamar v. Fidelity Loan &c. Co.,* 158 Ga. 361, 365 (123 SE 116). And provisions in leases for forfeitures must be strictly construed. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217). When a forfeiture depends on giving a written notice of default, it must appear that the notice was given in strict compliance with the contract both as to time and contents and that the default occurred. *Georgia R. & Bkg. Co. v. Haas,* 127 Ga. 187, 190 (56 SE 313, 119 ASR 327, 9 AC 677); *Johnson v. Kahrs,* 199 Ga. 365, 368 (34 SE2d 503).

■ In order to effect a termination of the lease according to paragraph 8 of the contract, two notices must be given the lessee: (1) Notice in writing declaring the lessee in default in the performance of some obligation provided by the lease; (2) A second notice in writing, given within six months following the first notice and during continuance of the default, formally declaring exercise of the option to terminate. The option would arise only in the event the lessee failed to perform within thirty days or within three days if the notice was for rent in arrears.

The manifest purpose of requiring two notices is to give the lessee another chance to avoid a forfeiture by performing the obligation. The provision for the initial notice clearly contemplates that the lessee will be afforded an opportunity to correct the default. A demand for possession of the premises will not operate as a basis for termination of the lease where the circumstances require that an opportunity to perform first be given the tenant. See *Oastler v. Wright,* 201 Ga. 649, 653 (40 SE2d 531); *Mahoney v. McKenzie,* 27 Ga. App. 245, 249 (107 SE 775). A letter written by the lessor's attorney to the lessees' attorney on January 15, 1965, merely complained of the lessees' default and demanded possession of the premises. As this notice by its terms precluded correction of the default or defaults referred to, it was not sufficient to constitute the notice of default required according to our interpretation of paragraph 8 of the lease.

In *Shiflett v. Anchor Rome Mills,* 78 Ga. App. 428, 433 (50 SE2d 853) this court held that a letter which complained of the non-payment of rent and demanded possession of the premises, but failed to state specifically that the lease was canceled was not sufficient notice to terminate under a provision permitting cancellation by 3-day's written notice. Thus a written notice by the lessor to defendant Woodall and to the lessees' attorney, dated May 18, 1965, demanding possession of the premises, was insufficient because it did not expressly declare the lease terminated. See also *Clarke v. Robinson,* 118 Ga. App. 525 (3a) (164 SE2d 260).

Here the lessor said in effect: "I demand possession of the premises because you have not paid the rent which I will not

accept." None of the correspondence shown in the stipulated facts was sufficient to constitute either of the notices contemplated in paragraph 8 of the lease irrespective of the question whether it was addressed to the proper parties.

■ There is no evidence in the record showing the lessees had breached the contract in any respect when the lessor demanded possession of the premises.

*Code* § 113-105 declares: "A will shall take effect instantly upon the death of the testator, however long the probate may be postponed." This provision means merely that *after* a will is probated, rights in property are then fixed retrospectively with reference to the law and factual circumstances existing at the time of the testator's death. The provision cannot be given the simplistic interpretation that an unprobated will is nevertheless operative, as contended by the lessor. In this State it is necessary to probate a will before it can be recognized as an instrument affecting rights in property. *Chidsey v. Brookes*, 130 Ga. 218, 220 (60 SE 529, 14 AC 975) ; *Foster v. Foster*, 207 Ga. 519, 527 (63 SE2d 318).

It follows that in the intervening time between the testator's death and probate, the rights of lessee were vested in common in defendant Woodall and the remaining heirs at law, subject to divestment upon probate of the will if the lessee left a will. Defendant Woodall, widow of the original lessee and testator, succeeded alone to the rights of lessee on May 27, 1965, when the will was admitted to probate.

The stipulated facts show that whenever the rent was due according to the terms of the lease, during the period from July 22, 1963, to May 27, 1965, tender was made to the lessor for payments of rent by or on behalf of the heirs at law of the original lessee. At all times when tender was made after the original lessee's death, the lessor rejected payment. Tender by the heirs at law, not by the representative of the estate in that capacity, was not tender by the estate which was not obligated under the lease, but was tender by the individuals of that description. As the heirs at law occupied the status of lessees until May 27, 1965, the rental payments rejected during that period were legally tendered. Compare *Woodall v. Pharr*, 117 Ga. App. 405, 408 (160 SE2d 656).

Nor was there a breach of the lease by virtue of the provision that "the failure to promptly pay when due any debt of any kind owing or which may at any time become owing to lessor by lessee shall constitute a default in the obligations of lessee under this lease." Certain notes owed by the original lessee were obligations of his estate and not obligations of the individuals who had succeeded to the rights of the lessee at the time the default was asserted by the lessor. Moreover, written notices in evidence from the lessor and his attorney to the lessees, referring to other defaults, were proof merely that the insufficient notices were given, not that the defaults actually occurred.

The trial court erred in rendering judgment for the lessor.

*Judgment reversed. Eberhardt and Deen, JJ., concur.*