25319. PHARR v. WOODALL et al.

ARGUED NOVEMBER 10, 1969—DECIDED JANUARY 8, 1970.

*Moreton Rolleston, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, Grant, Spears & Duckworth, William G. Grant,* for appellees.

MOBLEY, Presiding Justice. Certiorari was granted in this case to consider the contention by the applicant for certiorari that the decision of the Court of Appeals in *Woodall v. Pharr,* 119 Ga. App. 692 (168 SE2d 645), is contrary to the decision of this court in *Woodall v. Pharr,* 224 Ga. 492 (162 SE2d 357), which affirmed the decision of the Court of Appeals in *Woodall v. Pharr,* 117 Ga. App. 405 (160 SE2d 656).

The present case is not the same case as that dealt with in 117 Ga. App. 405. That action was a suit on a series of notes brought by Pharr against C. B. Woodall, Jr., as executor of the estate of his father, C. B. Woodall, Sr. The present action is a dispossessory warrant proceeding by Pharr against Mrs. C. B. Woodall, Sr., widow and legatee under the will of her deceased

husband. Pharr contends that the holding by this court, affirming the Court of Appeals, that tenders of payments on the notes of C. B. Woodall, Sr., made by his widow and two sons as his heirs at law, prior to the discovery and probate of the will of Woodall (which devised all of his property to his widow) were not legal tenders of the indebtedness owed by Woodall to Pharr, would require a ruling in the present case that similar tenders of rent under a lease were likewise not legal tenders.

The decision of this court in *Woodall v. Pharr*, 224 Ga. 492, supra, (from which two Justices dissented), was based on *McDougald v. Dougherty*, 11 Ga. 570, 588, and *McDougald v. Dougherty*, 14 Ga. 674. At the time the *Woodall* decision was rendered this court overlooked the fact that the *McDougald* cases were decided prior to the Code of 1863. The Code of 1863, § 2815, contained the principle now embodied in *Code* § 20-1105, that a tender may be made by "an agent or friend," and this Code section superseded any prior decisions holding otherwise. *Code* § 20-1105 indicates a liberal policy of our statute law as to those who may make tender of an indebtedness, and the ruling as to tender by the Court of Appeals in *Woodall v. Pharr*, 117 Ga. App. 405, supra, and the affirmance of that case by this court in 224 Ga. 492, supra, are contrary to this Code section. Where a decision of this court overlooks and fails to give effect to a statute, the statute, and not the decision wherein such statute was overlooked, is controlling. *Lester v. Foster*, 207 Ga. 596, 598 (63 SE2d 402) ; *Nuckolls v. Merritt*, 216 Ga. 35, 39 (114 SE2d 427).

While the ruling on tender in *Woodall v. Pharr*, 224 Ga. 492, supra, is the law of the case as to the subject matter of that litigation, it is not the law of the case in the case now under review, which has a different subject matter and was brought against a different defendant. See *Walden v. Nichols*, 204 Ga. 532, 535 (50 SE2d 105).

*Code* § 20-1105 requires the ruling that there was a proper tender of the rents prior to the probate of the will of C. B. Woodall, Sr., and there was no right to terminate the lease on the contention that there was no legal tender.

Pharr contends further that the decision in *Woodall v. Pharr*,

117 Ga. App. 405, supra, affirmed by this court, holding that notes owed by the estate of C. B. Woodall, Sr., were in default because there was no legal tender of the principal and interest due, requires a ruling that the failure to pay the notes when due constituted a breach of the lease.

The Court of Appeals in *Woodall v. Pharr*, 117 Ga. App. 405, 409, supra, stated: "The present suit does not involve any question of cancellation of the lease, nor does this case involve or adjudicate the question of the existence or nonexistence of the lease and its present status. The reference to other debts in the lease is a reference to debts of the lessee and a cancellation during the lifetime of the original lessee." This language was followed by the Court of Appeals in the case now under review by the holding: "Certain notes owed by the original lessee were obligations of his estate and not obligations of the individuals who had succeeded to the rights of the lessee at the time the default was asserted by the lessor." 119 Ga. App. 692, 695. We concur with this ruling.

The Court of Appeals in the case under review properly held that the rental payments rejected by the lessor were legally tendered, and that the trial court erred in rendering judgment for the lessor.

*Judgment affirmed. All the Justices concur.*

FRANKUM, Justice, concurring. I concur in the judgment affirming the decision of the Court of Appeals in this case but I do not agree that this court, in deciding *Woodall v. Pharr*, 224 Ga. 492, overlooked the fact that the two *McDougald* cases were decided prior to the adoption of the Code of 1863. That Code section simply was not applicable to that case, for, as was pointed out by Judge Whitman in 117 Ga. App. at page 408 in the decision which this court affirmed in 224 Ga., the tender there was not made on behalf of or at the special instance of the one obligated. In my opinion, it is clear that the tender there merely amounted to a tender by a volunteer or volunteers, and, even under *Code* § 20-1105, the tender must be made on behalf of and at the special instance of the one indebted, and unless so made the creditor need not accept it. In *this* case the tender appears to have been made in accordance with that requirement.