779 F.2d 653
 Bankr. L. Rep. P 70,925
In re COLONY SQUARE COMPANY, Debtor.
COLONY SQUARE COMPANY, a Georgia Limited Partnership,
Plaintiff-Appellant,
v.
PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 No. 85-8216.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 10, 1986.
 
 Kenneth A. Shapiro, Atlanta, Ga., Thomas R. Johnson, Kirkpatrick & Lockhart, Pittsburgh, Pa., for plaintiff-appellant.
 Frank M. Bird, Jr., Richard Neal Batson, Grant T. Stein, Kim E. Anderson, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY and HATCHETT, Circuit Judges, and NICHOLS*, Circuit Judge.
 PER CURIAM:
 
 
 1
 As part of Colony Square Company's Chapter XII bankruptcy reorganizational plan of March 30, 1977, its principal secured creditor, Prudential Insurance Company, leased the Colony Square Complex. The Bankruptcy Court for the Northern District of Georgia in Atlanta retained jurisdiction. When Colony Square failed to make cash contributions to Prudential Insurance Company, as required by a Moratorium Agreement entered into concurrently with the lease, Prudential, on January 8, 1982, gave Colony Square notice that it intended to exercise its option under the Agreement to acquire title to the property and thereby extinguish the indebtedness owed to Prudential. On January 28, 1982, one day before Prudential and Colony Square were scheduled to sign debt-cancellation documents, Colony Square filed a Chapter 11 case in the Bankruptcy Court for the Western District of Pennsylvania in Pittsburgh. That action was transferred to the Atlanta bankruptcy court. Thereafter, on April 30, 1984 an involuntary Chapter 7 petition was filed against Colony Square in the Western District of Pennsylvania. Colony Square had that action converted into a Chapter 11 proceeding, which as of the date of oral arguments for this appeal, was still pending in the Pittsburgh court.
 
 
 2
 While the two Chapter 11 actions were proceeding, one in Georgia, the other in Pennsylvania, Prudential, on February 9, 1984, filed a motion in the Atlanta bankruptcy court seeking Colony Square's compliance with the March 30, 1977 reorganizational plan. Colony Square responded by asserting first, that Prudential had mismanaged the property, and second, that the automatic stay provision of section 362 of the Bankruptcy Reform Act of 1978, codified at 11 U.S.C., precluded the Atlanta bankruptcy court from proceeding with the case because the second Chapter 11 action was pending in the Pittsburgh bankruptcy court.
 
 
 3
 On May 14, 1984, the Atlanta bankruptcy court denied Colony Square's attempt to assert affirmative defenses concerning mismanagement of the property and imputing bad faith against Prudential in connection with Prudential's motion to enforce the plan. On June 25, 1984, after a hearing, the bankruptcy court entered an order enforcing the plan, holding that section 362 had no effect on the proceedings. The district court on April 2, 1985 entered an order affirming these May 14, 1984 and June 25, 1984 orders of the bankruptcy court. We affirm.
 
 
 4
 There is no need to prepare an extensive opinion. The affirmance is based on the appropriate reasoning of both the bankruptcy court and the district court. Although we have been asked to stay our decision pending further proceedings in the trial court, this request is denied.
 
 
 5
 This case presents two issues, the first of which is whether the automatic stay provision of section 362 prevented the Atlanta bankruptcy court from enforcing the plan while the Pittsburgh bankruptcy case was still pending. We hold that the stay provision had no effect on Prudential's action to enforce the March 30, 1977 plan, which was commenced under the former Bankruptcy Act of 1898.
 
 
 6
 The district court correctly held that section 403, the savings provision of the Bankruptcy Reform Act of 1978, precludes the application of the Reform Act to cases commenced under the former Bankruptcy Act of 1898. Central Trust Co. v. Official Creditors' Committee, 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982). The Supreme Court there interpreted section 403(a) as a transitional rule enacted by Congress to govern cases pending under the former Bankruptcy Act on the effective date of the Reform Act. The Court gave a literal interpretation to the section as follows:
 
 
 7
 The language of Sec. 403(a) is unequivocal. It provides that cases filed under the Bankruptcy Act 'shall be conducted and determined under such Act as if [the New Code] had not been enacted.'
 
 
 8
 Id. at 357, 102 S.Ct. at 696. The Court also relied on Congressional intent:
 
 
 9
 The first phase of transition begins on October 1, [1979], the primary effective date of the bill. On that date, the new substantive law of bankruptcy as proposed by the bill will be put into effect. It will apply to all cases commenced on or after October 1, [1979]. The application of the new law will only be to new cases, however. Cases commenced before October 1, [1979], will continue to be governed by the Bankruptcy Act, as in effect September 30, [1979], and by all other applicable laws in effect on that date. Those cases will proceed as though this bill had not been enacted.
 
 
 10
 Id. at 357 n. 1, 102 S.Ct. at 697 n. 1 (quoting H.R.Rep. No. 95-595, at 287-88 (1977)).
 
 
 11
 This decision, together with the Atlanta bankruptcy court's express retention of exclusive jurisdiction over the Chapter XII plan, the property, and the parties, sustains the district court's decision that the automatic stay provision of section 362 did not prevent the Atlanta bankruptcy court from enforcing the March 30, 1977 plan.
 
 
 12
 The second issue is whether the district court properly held that Colony Square could not assert a defense of willful and negligent mismanagement against Prudential in connection with Prudential's action to enforce the plan. We hold the district court properly determined that Colony Square would have to assert such a claim in a separate action.
 
 
 13
 The decision turns on the intent of the parties. In its decision, the district court looked to whether the parties intended proper management to be a prerequisite to Colony Square's duty to pay the loan. The court found that under the lease and Moratorium Agreement, the covenant made by Colony Square to pay the loan in full by January 1, 1982 was separate and distinct from Prudential's covenant regarding the management of the property under the lease.
 
 
 14
 The language of the March 30, 1977 Order, the plan, the lease, and the Moratorium Agreement gives no indication that Prudential's remedies under the Moratorium Agreement were dependent upon the quality of its management under the lease. The only condition precedent to the exercise of Prudential's right to foreclose upon the property was default by Colony Square. The district court did not err in sustaining the bankruptcy court's severance of Colony Square's mismanagement claim from Prudential's action to enforce the plan.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Philip Nichols, Jr., U.S. Circuit Judge for the Federal Circuit, sitting by designation