**In re COLONY SQUARE COMPANY, Debtor.**

**COLONY SQUARE COMPANY, Plaintiff–Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant–Appellee.**

No. 86–8849.

United States Court of Appeals, Eleventh Circuit.

April 27, 1988.

Jerry B. Blackstock, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., and Thomas R. Johnson, Kirkpatrick & Lockhart, Pittsburgh, Pa., for plaintiff-appellant.

Alston & Bird, Francis M. Bird, Jr. and R. Neal Batson, Atlanta, Ga., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, HAND *, Chief District Judge.

PER CURIAM:

As part of a confirmed bankruptcy plan of reorganization for the Colony Square Company, Prudential Insurance Company took possession of the Colony Square hotel, shopping and office complex under a lease and moratorium agreement. Under the lease, Prudential was to have complete management control. Colony Square claims that Prudential mismanaged the Colony Square complex throughout the period in which Prudential leased the property. Both the bankruptcy court and the district court held that Colony Square had no basis in either tort or contract to proceed against Prudential. We affirm.

Under the agreement with Prudential, Colony Square had the right to redeem the property prior to the end of the lease but if it did not do so, Prudential would have the right to foreclose. Colony Square did not redeem the property during the term of the lease and on January 8, 1982, Prudential notified Colony of its election to receive a deed in lieu of foreclosure. After Colony Square filed suits in a number of different courts to stall the foreclosure, Prudential filed a motion with the bankruptcy court to compel compliance with the confirmed plan. Colony Square responded to that motion with a "counterclaim," alleging mismanagement on the part of Prudential.

The bankruptcy court severed the counterclaim, deeming it separate and distinct from Prudential's action to gain title, an action in which Prudential was ultimately successful. This Court affirmed the severance and held that Colony Square would have to assert its claim of mismanagement in a separate action. *In re Colony Square Co.*, 779 F.2d 653, 655 (11th Cir.1986).

Colony Square initiated such an action and, after a period of discovery, Prudential moved for summary judgment. The bankruptcy court granted summary judgment for Prudential on all claims raised by Colony Square and the district court affirmed this judgment.

Colony Square's six-count complaint against Prudential distills into essentially two claims: First, that Prudential breached its contract with Colony Square by various acts of mismanagement; and second, that these instances of mismanagement, along with Prudential's unpropitious dealings with Colony Square during the pendency of the lease, provide a basis for tort recovery under Georgia law.

### Contract Claim

The district court found that the contract claim was barred by the notice and cure provisions of the lease. Section 15.1 of the lease required Colony Square to furnish Prudential with written notice of any al-

---

* Honorable William Brevard Hand, Chief U.S. District Judge for the Southern District of Alabama, sitting by designation.

leged default and gave Prudential 30 days to cure the default. If no cure was effected, Colony Square was entitled to terminate the lease or sue for specific performance, depending on the nature of the breach. If the court refused to grant specific performance, Colony Square could then pursue a remedy at law.

The language of this contractual clause is clear and unambiguous and its construction is thus a matter for the court. *See* O.C.G.A. § 13–2–1 (1984). *See also Sim's Crane Service Inc. v. Reliance Insurance Co.*, 514 F.Supp. 1033, 1036 (S.D.Ga.1981) (construction and interpretation of a contract is a matter of law properly handled by summary judgment), *aff'd*, 667 F.2d 30 (11th Cir.1982). Read in the context of the entire contract, section 15.1 is properly construed as imposing notice, opportunity to cure, and in some instances, a suit for specific performance as conditions precedent to an action for damages.

 Contracts which set forth the manner in which a party must exercise a remedy in the event of a default must be strictly adhered to. *See Lovable Co. v. Honeywell, Inc.*, 431 F.2d 668 (5th Cir. 1970); *Woodall v. Pharr*, 119 Ga.App. 692, 168 S.E.2d 645 (1969), *aff'd*, 226 Ga. 1, 172 S.E.2d 404 (1970). If a party does not comply with the requirements of the contract's default clause, it forfeits its rights under the clause. *See F.W. Woolworth Co. v. Buford–Clairmont Co.*, 769 F.2d 1548, 1555 (11th Cir.1985). Accordingly, when a default clause contains a notice provision, it must be strictly followed, *Peachtree on Peachtree Investors, Ltd. v. Reed Drug Co.*, 251 Ga. 692, 308 S.E.2d 825 (1983), and summary judgment is warranted if notice is not given. *Corbin v. Gulf Ins. Co.*, 125 Ga.App. 281, 187 S.E.2d 312 (1972); *Buffalo Insurance Co. v. Star Photo Finishing Co.*, 120 Ga.App. 697, 172 S.E.2d 159 (1969).

 It is undisputed that Colony Square failed to give Prudential notice and an opportunity to cure the alleged defaults under the lease. Colony Square argues that it is not bound by the notice provision because it had no knowledge of Prudential's default until after the expiration of the lease. It contends that Prudential's acts of mismanagement were not readily discoverable and Prudential actively concealed its wrongdoing.

Under the law, however, Colony Square had an affirmative duty to monitor Prudential's compliance with the lease. *See Limoli v. First Ga. Bank*, 147 Ga.App. 755, 757, 250 S.E.2d 155, 157 (1978) ("a plaintiff must exercise reasonable diligence to learn of the existence of a cause of action"); *see also Owen v. Mobley Construction Co.*, 171 Ga.App. 462, 320 S.E.2d 225 (1984) (Georgia's "discovery rule" for the accrual of a tort cause of action inapplicable to a claim for breach of contract). Colony Square has presented no evidence of either its due diligence or of Prudential's concealment. For example, Colony Square has not shown that it was prevented from entering or inspecting the complex, that it was unable to review financial data, or that any request for information was refused by Prudential.

Under *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), Colony Square has an obligation to come forward with evidence supporting its claim in order to withstand a motion for summary judgment. Since Colony Square did not comply with the conditions precedent to an action for breach, and since Colony Square did not present sufficient evidence to support the argument that its noncompliance should be excused, the district court properly held that Colony Square's action for breach of the lease is barred as a matter of law. *See Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 369, 203 S.E.2d 587, 593 (1973) ("The failure to give notice as required ... is an independent bar to the maintenance of a successful cause of action on the contract").

### Tort Claim

 As to Colony Square's tort claim, the district court found missing an essential element, the existence of a fiduciary or confidential relationship between the par-

ties. Colony Square asserted its claim under alternate theories of negligence and breach of fiduciary duty. Tort relief is available in a breach of contract setting only in a narrow range of circumstances. Under Georgia law, a breach of contract constitutes a tort when "in addition to violating a contract obligation [defendant] also violates a duty owed to plaintiff independent of [the] contract to avoid harming him.... Such an independent harm may be found because of the relationship between the parties, or because of defendant's calling or because of the nature of the harm." *Id.* at 365, 203 S.E.2d at 570. Thus, to prevail in this case, Colony Square would have to show some fiduciary or confidential relationship that imposed a duty on Prudential beyond that required by the contract.

Colony Square contends that its lease arrangement with Prudential created a fiduciary or confidential relationship between the parties. Georgia law is clear, however, that neither the debtor-creditor relationship nor the lessee-lessor relationship generally imply confidentiality. In *Phillips v. Atlantic Bank & Trust Co.*, 168 Ga.App. 590, 591–92, 309 S.E.2d 813, 815 (1983), the court stated that "[c]reditors deal with debtors at arm's length, and do not stand in a fiduciary capacity in relationship to the debtor." The facts in the instant case indicate that the relationship between Colony Square and Prudential falls within the ambit of this general rule. Thus, the district court properly granted summary judgment for Prudential on Colony Square's claim for tort relief.

Colony Square also seeks an accounting, claims damages for rent due and seeks a declaratory judgment and writ of possession. The district court correctly determined these claims to be without merit for the reasons set forth in the district court opinion.

AFFIRMED.